**Rick DURAN, Plaintiff,**

v.

**CITY OF TAMPA and City of Tampa Civil Service Board, Defendants.**

**No. 76–683 Civ. T–K.**

United States District Court,
M. D. Florida,
Tampa Division.

June 15, 1978.

See also, 430 F.Supp. 75.

David C. Wiitala, James F. Pingel, Jr. and Cary R. Singletary, Yanger & Singletary, Tampa, Fla., for plaintiff.

Henry E. Williams, Jr., City Atty. and Matias Blanco, Jr., Asst. City Atty., Tampa, Fla., for defendants.

## ORDER

KRENTZMAN, District Judge.

Plaintiff applied with the City of Tampa for the position of policeman in April, 1975. He passed a written and oral examination and a polygraph test. His name was placed on an eligibility list in October, 1975. On December 19, 1975 he was directed to appear for a physical examination, the last prerequisite to employment. Before he was able to do so he was advised that he would not be employed because of the statement in his application concerning his childhood history of epilepsy.

On August 24, 1976 this suit was filed alleging violation of plaintiff's fourteenth amendment due process rights and his rights pursuant to 29 U.S.C., §§ 793 and 794, the Rehabilitation Act of 1973. The plaintiff sought declaratory, preliminary and permanent injunctive relief, and award of lost pay, allowances and attorney's fees.

After hearing on plaintiff's motion for preliminary injunction the Court found that plaintiff had a substantial likelihood of prevailing on the merits but denied preliminary relief on the ground that plaintiff had not proved the irreparable injury requisite thereto. Memorandum Opinion and Order, March 15, 1977. *Duran v. City of Tampa,* 430 F.Supp. 75 (M.D.Fla.1977).

Thereafter, at final hearing the plaintiff relied on the evidence produced at the preliminary injunction hearing. See Rule 65(a)(2) Fed.R.Civ.P. The defendant presented one additional witness, Deputy Police Chief Jim Diamond. Diamond testified that there were often times when policemen experienced considerable stress because of abnormal working hours and the nature of the job. The Diamond testimony in no way refutes or reduces the medical evidence presented at the preliminary injunction hearing. Thus, the Court is convinced that the defendant City of Tampa has violated the plaintiff's equal protection rights and his rights under the Rehabilitation Act of 1973 by refusing to hire him because of his childhood experience with epilepsy.

Upon consideration, it is ORDERED:

1. The defendant City of Tampa is directed to provide a physical examination for the plaintiff on or before July 15, 1978. The defendant is directed not to consider the plaintiff's history of epilepsy as a disqualifying medical condition.

2. If the plaintiff successfully passes his medical examination, the defendant is directed to employ the plaintiff as a policeman on or before August 1, 1978.

3. The defendant City of Tampa is directed to compensate the plaintiff through an award of back pay for the period December 19, 1975 through August 1, 1978, less the amount plaintiff has earned in the same period. The plaintiff is directed to supply the Court within ten (10) days of the date of this order with information regarding his

earned income during the relevant period. The defendant is directed to supply the Court within ten days of the the date of this order with information regarding the compensation of policemen during the relevant period. The information regarding compensation should include, but is not limited to, base pay, normal pay raises, insurance, health, and pension benefits.

4. The defendant City of Tampa is directed to award the plaintiff seniority rights as if he were employed as of December 19, 1975.

5. The plaintiff's counsel are entitled to a reasonable attorneys' fee for the representation they have rendered to the plaintiff. Plaintiff's counsel are directed to file within ten (10) days of the date of this order affidavits relative to their fees. *See Johnson v. Georgia Highway Express,* 488 F.2d 714, 717–9 (5th Cir. 1974) [twelve criteria for attorneys' fees]. The defendant shall have ten days thereafter to respond to the plaintiff's affidavits.

6. The Court will direct the entry of final judgment after consideration of the questions of back pay compensation and attorneys' fees.

IT IS SO ORDERED at Tampa, Florida this 15th day of June, 1978.