**Patrick E. SMITH, Jr.,**
**Plaintiff-Appellant,**

v.

**UNITED STATES POSTAL SERVICE,**
**Defendant-Appellee.**

No. 83–1698.

United States Court of Appeals,
Sixth Circuit.

April 30, 1985.

Janet M. Tooley, argued, Kelman, Loria, Downing, Schneider and Simpson, Detroit, Mich., for plaintiff-appellant.

Joel M. Shere, U.S. Atty., Francis L. Zebot [Lead Counsel], Gary Maveal, argued, Detroit, Mich., for defendant-appellee.

Before CONTIE and MILBURN, Circuit Judges, and BROWN, Senior Circuit Judge.

PER CURIAM.

Patrick Smith appeals the district court's dismissal of his complaint against the United States Postal Service. Smith's complaint alleged employment discrimination based upon a handicap.

The facts relevant to this appeal are largely undisputed. Smith applied for a job with the Postal Service in 1979. Smith alleges that he was accepted for employment subject only to passing a physical examination. The examination was performed by Dr. Ludwick, who had previously examined Smith in connection with an unrelated workmen's compensation claim. Smith alleges that although Ludwick found no physical impediment which would interfere with Smith's work at the Postal Service, Ludwick told Postal Service employees of Smith's pending workmen's compensation claim. In November of 1979, the Postal Service told Smith that he would not be hired, assertedly because a more qualified person was to be hired. During a hearing on Smith's workmen's compensation claim, however, a Postal Service employee testified that Smith was not hired because the Postal Service was concerned about becoming liable on the workmen's compensation claim. This hearing occurred in October of 1980. Smith asserts that this was the first time he learned of the true reason he was not hired.

On October 5, 1982, Smith filed a complaint asserting claims under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and under the equal protection component of the due process clause of the fifth amendment.[1] On May 11, 1983, the Postal Service moved for judgment on the pleadings or, in the alternative, for summary judgment. The basis of the motion was Smith's admitted failure to exhaust administrative remedies. On September 21, 1983, the district court granted the motion and dismissed the complaint. 570 F.Supp. 1415 (D.C.Mich.1983).

The district court held that although § 501 of the Act, 29 U.S.C. § 791, creates a cause of action against the Postal Service for employment discrimination on the basis of a handicap, administrative exhaustion is required under that section. It also held that § 504, 29 U.S.C. § 794, creates no such cause of action, although the court noted in a footnote that were the opposite conclusion to be reached, it would also conclude that exhaustion is required under this section as well. *See* App. at 115. The constitutional claims were dismissed because the specific statutory remedy of the Act, with its attendant procedural requirements, precludes the use of other avenues of relief. *See Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976).

On appeal, Smith argues that § 504 of the Act does create a cause of action applicable to cases such as this and that administrative exhaustion is not required under that section. Unfortunately for Smith, this argument is foreclosed by this Circuit's prior decision in *Smith v. United States Postal Service*, 742 F.2d 257 (6th Cir.1984). In *Smith*, we held that § 504 of the Act does create a cause of action for employment discrimination on the basis of a handicap. *Id.* at 259–60. Thus, insofar as the district court dismissed Smith's claim on the ground that § 504 of the Act does not create a cause of action applicable to cases such as this, it erred. The result reached by the district court, however, was correct because in

---

1. *See Vance v. Bradley*, 440 U.S. 93, 95 n. 1, 99 S.Ct. 939, 941 n. 1, 59 L.Ed.2d 171 (1979) ("the Due Process Clause of the Fifth Amendment forbids the Federal Government to deny equal protection of the laws").

*Smith* we also held that administrative exhaustion is required under both § 504 and § 501. *See id.* at 260–62. Although Smith argues that the conclusion reached in *Smith* is incorrect and that this panel should not follow that case, we are bound to follow *Smith* as controlling Circuit precedent absent a change in the substantive law or an intervening Supreme Court decision. *See Meeks v. Illinois Central Gulf Railroad,* 738 F.2d 748, 751 (6th Cir. 1984). Thus, the decision of the district court must be affirmed unless Smith's second argument, regarding tolling, waiver and estoppel, is meritorious.[2]

■ We agree with the district court that there is no basis for invoking the doctrines of tolling, waiver or estoppel in this case. First, as to waiver, the Postal Service raised Smith's failure to exhaust administrative remedies as a defense in its answer to the complaint, *see* app. at 9, and has diligently pursued this defense. There is thus no basis for finding a waiver of this defense. Second, as to tolling, Smith relies upon the Postal Service's asserted failure to inform him of the true reason for its hiring decision. This argument fails, however, because Smith learned of the true reason in October of 1980. Even accepting Smith's tolling argument, the time for exhausting administrative remedies would be delayed only until that date. Despite this, Smith has never attempted to exhaust his administrative remedies. Finally, as to estoppel, Smith again relies upon the Postal Service's alleged misinformation about the true reason for not hiring him and argues that the Postal Service's conduct in this case is so egregious as to completely excuse administrative exhaustion. Smith cites no authority, and this court is aware of no authority, which supports the propo-

sition that the degree of a defendant's culpability provides a basis for excusing administrative exhaustion. Smith's argument that the Postal Service's concealment of the true reason for not hiring him excuses him from exhaustion proves too much. In the vast majority of discrimination cases, the employer hides his true motivation and it is a rare case in which the employer tells the plaintiff that he was not hired because of illegal discrimination. To accept Smith's proposed exemption from the exhaustion requirement would all but obliterate the rule requiring exhaustion. Finally, the case principally relied upon by Smith, *Jones v. Cassens Transport,* 538 F.Supp. 929 (E.D.Mich.1982), is clearly distinguishable. In that case, the plaintiffs were excused from exhausting administrative remedies where they were "told by EEOC personnel that the EEOC could afford them no relief." *Id.* at 932. In this case, no one has represented to Smith that an administrative claim would be futile. In short, there is no basis for tolling, waiver or estoppel in this case.[3]

For the reasons stated above, the judgment of the district court dismissing Smith's complaint is AFFIRMED.

---

**2.** Smith does not argue that the district court erred in dismissing his constitutional claim on the ground that the Rehabilitation Act provides an exclusive remedy in cases such as this. Thus, if administrative exhaustion is required, both the statutory and constitutional claims are barred. *See Smith v. Robinson,* — U.S. —, 104 S.Ct. 3457, 3468–70, 82 L.Ed.2d 746 (1984); *Brown,* 425 U.S. at 832–35, 96 S.Ct. at 1967–69.

**3.** Because we find no merit in Smith's tolling, waiver and estoppel arguments, we need not decide the validity of the Postal Service's contention that it is not subject to those equitable doctrines. *See generally Stuckett v. United States Postal Service,* — U.S. —, 105 S.Ct. 274, 83 L.Ed.2d 210 (1984) (White, J., and Rehnquist, J., dissenting from denial of certiorari and noting split of authority on this question).