**Todd F. SHUTTLEWORTH, Plaintiff,**

v.

**BROWARD COUNTY, Floyd T. Johnson, Noel Pfeffer, Hayward J. Benson, Jr., and John Canada, Defendants.**

**No. 85–6623–CIV.**

United States District Court, S.D. Florida, N.D.

July 8, 1986.

American Civil Liberties Union, Larry Corman, Hodgson, Russ, Andrews, Woods & Goodyear, Fort Lauderdale, Fla., for plaintiff.

Gordon Rogers, Muller, Mintz, Kornreich, Caldwell, Casey, Crosland & Bramnick, P.A., Miami, Fla., for defendants.

Amicus Curiae Lambda Legal Defense and Educ. Fund, Inc., Milbank, Tweed, Hadley & McCloy, Robert W. Wintemute, Toni Lichstein, New York City, in support of plaintiff.

## MEMORANDUM OPINION

GONZALEZ, District Judge.

### FACTS

The plaintiff, Todd Shuttleworth, has initiated this action against Broward County (County) and five County employees. The plaintiff alleges that the defendants have violated federal constitutional and statutory law as well as provisions of the Florida Constitution. Specifically, the plaintiff alleges that his federal constitutional rights have been violated in that the defendants have unjustifiably deprived the plaintiff of his job, his good name and reputation; have denied him procedural

due process in derogation of the Fourteenth Amendment to the United States Constitution; and have denied him equal protection guaranteed by the Fourteenth Amendment to the United States Constitution. The plaintiff also alleges, in his first amended complaint, that the defendants have discriminated against him because he is handicapped, within the meaning of the Rehabilitation Act of 1973, as amended, 1978, § 504, 29 U.S.C. § 794. Finally, the plaintiff alleges that the defendants have violated provisions of the Florida Constitution guaranteeing equal protection, procedural due process, protection from discrimination on the basis of a handicap, and have deprived the plaintiff of his "liberty interest in his good name and reputation."

The plaintiff has been diagnosed as suffering from Acquired Immune Deficiency Syndrome (AIDS). The plaintiff was, up until September 13, 1984, an employee of Broward County and worked in the County's Office of Budget and Management Policy.[1] The plaintiff alleges that he was terminated from his job with the County because he is suffering from AIDS.

The plaintiff appealed his termination by filing a handicap discrimination complaint with the County's Office of Equal Employment Opportunity (OEEO). The action of the County was upheld by the OEEO, and the plaintiff then requested a second hearing, this time with the County's Personnel Review Board. This appeal was denied as well.

In December of 1984, the plaintiff filed a handicap discrimination complaint with the Florida Commission on Human Relations (FCHR). On December 11, 1985, the Executive Director of the FCHR issued a determination that "cause existed to believe that Defendant BROWARD COUNTY violated Section 760.10(1)(a), Florida Statutes (1983), by terminating Mr. Shuttleworth's employment because he had AIDS." Defendants' Statement of Undisputed Material Facts at 15. Both the plaintiff and the defendants have filed for partial redetermination with the FCHR. There has not been a final decision of the FCHR, to date.

## PROCEDURAL SETTING

Each of the parties has filed motions before this court. The plaintiff has filed a motion for partial summary judgment, as to counts IV and VIII of his amended complaint. The defendants have filed a joint motion to dismiss or, in the alternative, motion for summary judgment as to each count of the plaintiff's amended complaint. The defendant, Hayward J. Benson, Jr., has filed a supplemental motion to dismiss or, in the alternative, motion for summary judgment.

The defendants have premised their joint motion to dismiss or, in the alternative, motion for summary judgment on numerous grounds, some of which are procedural and some of which represent a substantive attack on the plaintiff's constitutional claims. Procedurally, the defendants argue, in their joint motion, that the plaintiff's amended complaint cannot stand because the plaintiff has failed to exhaust state and federal administrative remedies; that the plaintiff cannot bring suit under 42 U.S.C. § 1983 and the Rehabilitation Act of 1973, as amended, 1978, 29 U.S.C. § 794; that the plaintiff has failed to allege a condition precedent to suing state entities; and that the Florida Human Rights Act preempts suit under Article I, § 2 of the Florida Constitution.

The defendant, Hayward J. Benson, Jr., has also moved individually, for dismissal under Rule 12(b)(6) and under Rule 56(b) of the Federal Rules of Civil Procedure. Defendant Benson argues that there are insufficient facts to support any claim by the plaintiff against him.

The plaintiff seeks partial summary judgment, as to counts IV and VIII of his amended complaint, for violations of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitu-

---

1. The court specifically reserves reference or finding, with respect to the status of the plaintiff's employment. The court does not decide whether the plaintiff was a temporary or permanent employee or what rights he gained by virtue of being employed with the County.

tion and for violations of parallel provisions of the Florida Constitution.

For the sake of clarity, the court will address the procedural points posed by the defendants in their joint motion to dismiss/summary judgment, prior to considering the substantive grounds raised by both the defendants in their joint motion and the plaintiff in his motion for partial summary judgment. Finally, the court will consider the supplemental motion filed by the defendant, Hayward J. Benson, Jr.

Both sides to this action have included matters outside the pleadings with respect to the joint motion of the defendants to dismiss or, in the alternative, motion for summary judgment. The defendants have relied on Rule 12(b)(6) of the Federal Rules of Civil Procedure as the basis for dismissal of the plaintiff's amended complaint. Accordingly, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, the court shall treat the defendants' joint motion as a motion for summary judgment.

### 1. EXHAUSTION

■ The defendants maintain that count IX of the plaintiff's amended complaint must be dismissed because the plaintiff has failed to exhaust administrative remedies available at both the state and federal levels. Defendants' Motion to Dismiss at 8. The issue of exhaustion was apparently not present in *Arline v. School Board of Nassau County*, 772 F.2d 759, 760 (11th Cir. 1985), *cert. granted*, —— U.S. ——, 106 S.Ct. 1633, 90 L.Ed.2d 179 (1986), and there is as yet no Eleventh Circuit pronouncement which speaks specifically to the question of whether exhaustion is required under § 504 of the Rehabilitation Act. *See Georgia State Conference of Branches of NAACP v. State of Georgia*, 775 F.2d 1403, 1425 (11th Cir.1985) (discussion of the requirement of exhaustion of state remedies for claims brought under the Education of the Handicapped Act, § 612, as amended, 20 U.S.C. § 1412).

The Eleventh Circuit has, however, recently reviewed in general the purposes of the Exhaustion Doctrine and the various exceptions to the Doctrine which have been recognized by courts. *Panola Land Buyers Association v. Shuman*, 762 F.2d 1550, 1556 (11th Cir.1985). "The general rule in this circuit is that a challenge to agency action in the courts must occur subsequent to the pursuit of administrative remedies." *Id.* at 1556 (citations omitted). This means "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *McKart v. United States*, 395 U.S. 185, 193, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194 (1969); *See generally*, B. Schwartz, *Administrative Law* § 8.30 (2d ed. 1984).

The several generally recognized exceptions to this rule of judicial restraint were enunciated by the Eleventh Circuit in *Panola:*

(1) That "[c]ourts will not require exhaustion when the administrative remedy is inadequate because it does not exist, or would not provide relief commensurate with the claim, or would unreasonably delay the action and thereby create a serious irreparable injury." *Id.* (citations omitted);

(2) That "exhaustion [will not] be required if the claim clearly will be denied, or where administrative action will not resolve the merits of the claim ..." *Id.;* and finally,

(3) That "exhaustion is not a jurisdictional doctrine, but one subject to the discretion of the trial court," unless Congress has specified otherwise. *Id.* (citations omitted); *See also* Schwartz, at § 8.32.

With these general principles in mind, the court will address the defendants' contention that exhaustion is mandated prior to bringing a claim under the Rehabilitation Act.

The defendants argue that the plaintiff should be required to completely exhaust his state administrative remedies by awaiting a final decision of the Florida Commission on Human Relations. Section 504 of the Rehabilitation Act of 1973, as amended, 1978, 29 U.S.C. § 794, does not on its face

require exhaustion of state administrative remedies. However, the defendants urge the court to follow *Peterson v. Gentry*, 28 F.E.P. Cases 273, 274–75 (S.D.Iowa 1981), and to hold that exhaustion is required for claims brought under the Rehabilitation Act.

The plaintiff claims that he will be prejudiced by further delays in the state administrative process which has been ongoing since November of 1984. The court is in agreement with the plaintiff and finds, because of the uncertainty of when the Florida Commission on Human Relations might reach a final decision, coupled with the unstable and uncertain future health of the plaintiff, that exhaustion of state remedies, even if required under § 504 of the Rehabilitation Act, is not mandated in this instance. *See New Mexico Association for Retarded Citizens v. State of New Mexico*, 678 F.2d 847, 850 (10th Cir.1982).

The defendants also assert that the plaintiff must exhaust available federal remedies prior to instituting suit under the Rehabilitation Act. There is, however, a significant amount of authority to the contrary. Courts presented with this argument have found that the federal administrative remedies are inadequate because the remedies would not provide relief which is "commensurate" with the alleged harm. *Panola*, 762 F.2d at 1556 (general exception to the Exhaustion Doctrine).

For example, the Ninth Circuit has held that federal administrative procedures under the Rehabilitation Act are inadequate because these procedures are the same as those under Title IX of the Education Act Amendments of 1972, and that the Supreme Court has found Title IX remedies inadequate. *Greater Los Angeles Council on Deafness v. Community Television*, 719 F.2d 1017, 1021 (9th Cir.1983), *cert. denied*, 467 U.S. 1252, 104 S.Ct. 3535, 82 L.Ed.2d 840 (1984) (§ 504 of the Rehabilitation Act was patterned after § 901 of Title IX. *See Rogers v. Frito-Lay, Inc.*, 611 F.2d 1074, 1095 (5th Cir.1980), *cert. denied*,

449 U.S. 889, 101 S.Ct. 246, 66 L.Ed.2d 115 (1980)); *See also Miener v. State of Missouri*, 673 F.2d 969, 968 (8th Cir.1982), *cert. denied*, 459 U.S. 909, 103 S.Ct. 215, 74 L.Ed.2d 171 (1982); *Pushkin v. Regents of University of Colorado*, 658 F.2d 1372, 1381 (10th Cir.1981); *Camenisch v. University of Texas*, 616 F.2d 127, 134 (5th Cir.1980), *vacated as moot*, 451 U.S. 390, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981).

Accordingly, this court finds that exhaustion of administrative remedies is not a prerequisite to filing a claim for relief under § 504 of the Rehabilitation Act.[2] The defendants' motion to dismiss or, in the alternative, motion for summary judgment on the grounds of exhaustion, is DENIED.

### 2. CLAIMS UNDER 42 U.S.C. SECTION 1983

■ The defendants argue that the plaintiff may not bring his Section 1983 claims in addition to a claim for relief under the Rehabilitation Act and rely on *Smith v. Robinson*, 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984), for support. This court does not read *Smith* so broadly.

The plaintiff, in *Smith*, brought claims under the Education of the Handicapped Act (EHA), 20 U.S.C. §§ 1400 et seq.; the Rehabilitation Act of 1973, 29 U.S.C. § 794; the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution; and state law. *Smith*, 468 U.S. at 994, 104 S.Ct. at 3460. The Court found that the EHA "is a comprehensive scheme designed by Congress as the most effective way to protect the right of a handicapped child to a free appropriate public education." *Id.* 104 S.Ct. at 3472. The Court determined that Congress intended that the more generalized provisions of § 1983 were insufficient to protect handicapped children. *Id.* Further, the Court compared the rights and remedies provided to a handicapped child under § 504 of the Rehabilitation Act and the EHA, and determined that "Congress

---

**2.** Exhaustion is also not required for claims brought under Section 1983. *Patsy v. Board of*

*Regents*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982).

did not intend a handicapped child to be able to circumvent the requirements or supplement the remedies of the EHA by resort to the general antidiscrimination provision of § 504." *Id.* at 3473.

Thus, the Court found congressional intent to restrict claims brought under the EHA and to disallow additional claims under both § 1983 and § 504 of the Rehabilitation Act. *See Middlesex County Sewerage Authority v. National Sea Clammers*, 453 U.S. 1, 19–20, 101 S.Ct. 2615, 2625–26, 69 L.Ed.2d 435 (1981) ("When the remedial devices provided in a particular Act are sufficiently comprehensive, they may suffice to demonstrate congressional intent to preclude the remedy of suits under § 1983.").

Prior to reaching the conclusion that the EHA forecloses actions under § 504 of the Rehabilitation Act, the Court first commented on the coverage of § 504. That commentary is relevant to a determination of whether § 504 bars relief under § 1983.

While the EHA is specifically tailored to redress discrimination against handicapped children, the Rehabilitation Act "simply prevents discrimination on the basis of handicap." *Robinson*, 468 U.S. at 1016, 104 S.Ct. at 3472. In its decision, the Court reiterated the holding in *Southeastern Community College v. Davis*, 442 U.S. 397, 403, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979), "that § 504 does not require affirmative action on behalf of handicapped persons, but only the absence of discrimination against those persons." *Robinson*, 468 U.S. at 1018, 104 S.Ct. at 3473, citing *Davis*, 442 U.S. at 411–412, 99 S.Ct. at 2369–70. Further, the Court noted the "uncertainty regarding the reach of § 504...." *Robinson*, 468 U.S. at 1019, 104 S.Ct. at 3473.

Contrary to the defendants' insistence, the Court, in *Robinson*, did not hold that § 504 of the Rehabilitation Act forecloses suits under § 1983. The Court only held that the comprehensive scheme of the EHA will generally act as a bar to suit under § 504 of the Rehabilitation Act and § 1983. *Id.* at 1012 and 1020, 104 S.Ct. at 3470 and

3474. Further, the Court explicitly stated its reluctance to conclude that reliance on § 1983 was precluded. *Id.* at 1011, 104 S.Ct. at 3469.

The statements by the Court in *Robinson*, concerning the scope of § 504 of the Rehabilitation Act and the reluctance of the Court to infer congressional intent to preclude reliance on § 1983 as a remedy for substantive constitutional violations, do not square with the defendants' position that the plaintiff may not bring his claim for relief under both the Rehabilitation Act § 504 and § 1983.

The Eleventh Circuit has not had occasion to deal directly with the issue of whether § 504 precludes an additional claim(s) under § 1983. However, in *Arline*, 772 F.2d at 760. n. 3, the panel noted that the plaintiff brought claims under both § 504 and 1983, and that the plaintiff did not prevail under the § 1983 claim.

A recently issued opinion from the Eighth Circuit suggests that claims may be brought under both statutes at the same time. *Moore v. Warwick Public School Dist. No. 29*, 794 F.2d 322 (8th Cir.1986); *See also Lutz v. Weld County School Dist. No. 6*, 784 F.2d 340, 341 (10th Cir.1986) (claims were brought under both statutes); *Duran v. Tampa*, 451 F.Supp. 954, 955 (M.D.Fla.1978) (claims brought under § 504 and § 1983); *But see, Alexander v. Chicago Park District*, 773 F.2d 850, 856 (7th Cir.1985) (comprehensive enforcement provisions of Title VI preclude action under § 1983.) ("The remedies, procedures, and rights set forth in Title VI ... apply to actions under § 504." 29 U.S.C. § 794a(a)(2).).

The case relied on by the defendants, *Smith v. United States Postal Service*, 766 F.2d 205, 207 n. 2 (6th Cir.1985), did not treat the question directly. The court noted, only in passing, that the plaintiff did not raise on appeal that "the district court erred in dismissing his constitutional claim on the ground that the Rehabilitation Act provides an exclusive remedy" and, therefore, the constitutional claims were barred. *Id.*

The court concludes, on the basis of the above authority, that the plaintiff may assert claims under both the Rehabilitation Act § 504 and 42 U.S.C. § 1983. The motion of the defendants to dismiss or, in the alternative, motion for summary judgment as to the plaintiff's Section 1983 claims (counts I, II, III, and IV of the plaintiff's amended complaint), on the ground that these claims are precluded by the plaintiff's assertion of a claim under the Rehabilitation Act § 504, is DENIED.

3. FAILURE OF THE PLAINTIFF TO ALLEGE WRITTEN NOTIFICATION OF HIS CLAIMS AS REQUIRED BY § 768.28(6)(a) OF THE FLORIDA STATUTES

■ The defendants argue that the plaintiff has failed to allege written notification of his claims as required by § 768.-28(6)(a) Florida Statutes (1986 Supp.), and seek dismissal of the plaintiff's state claims on this ground. In his response to the defendants' motion, the plaintiff disputes that the notification requirements were not met and attaches a letter from the Florida Department of Insurance to the Broward County Commission, advising the Commission that a claim had been filed by the plaintiff. *See* Exhibit T to the plaintiff's response to the defendants' motion to dismiss. The defendants do not dispute that they received this letter, or comment on its significance. The court is satisfied that the plaintiff has met the requirements of Florida law by notifying the Insurance Commissioner, as required by § 768.28(6)(a) of the Florida Statutes. The motion of the defendants to dismiss or, in the alternative, motion for summary judgment as to this particular ground, is DENIED.

4. THE FLORIDA HUMAN RIGHTS ACT AND ADDITIONAL REMEDIES UNDER STATE LAW

■ The defendants have presented an alternative procedural ground which they believe supports dismissal or the granting of summary judgment. The defendants maintain that the "administrative remed[y] available under the Florida Human Rights Act, Chapter 760, Florida Statutes, (1983)," is the sole remedy available to the plaintiff and that the plaintiff cannot bring a claim directly under Article I § 2 of the Florida Constitution. Defendants' Memorandum in Support of Motion to Dismiss at 20. In support of this contention, the defendants cite to § 760.02(5), Florida Statutes (1983), which provides that the governmental entities of the state are included within the coverage of the Florida Human Rights Act. Defendants' Memorandum in Support of Motion to Dismiss at 20. The defendants cite no other provision of the Act nor any other authority to support their view.

The court is not persuaded that the Florida Human Rights Act, Chapter 760, Fla. Stat.Ann. (West 1986), was intended to be the sole state remedy available to persons alleging discrimination by state entities. *See Housing Authority v. Billingslea,* 464 So.2d 1221, 1224 (5th Fla.Dist.Ct.App.1985) (Florida Human Rights Act of 1977, § 760.-01–760.10, exists as an additional remedy against discrimination alongside § 112.042, Fla.Stat.Ann. (West 1983), neither being an exclusive remedy.). The court finds that the plaintiff may bring a claim directly under Article I, § 2 of the Florida Constitution. Accordingly, the motion of the defendants to dismiss or, in the alternative, motion for summary judgment on the ground that the Florida Human Rights Act vests primary jurisdiction in the Florida Commission on Human Relations, is DENIED.

5. PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND THE SUBSTANTIVE GROUNDS ALLEGED IN DEFENDANTS' MOTION TO DISMISS/SUMMARY JUDGMENT

The need for the court to reach the constitutional questions presented in this case may be diminished if the plaintiff ultimately prevails on his claim for relief under § 504 of the Rehabilitation Act. *See Brockett v. Spokane Arcades, Inc.,* —— U.S. ——, 105 S.Ct. 2794, 2801, 86 L.Ed.2d 394 (1985) (quoting *Liverpool, New York &*

*Philadelphia S.S. Co. v. Commissioners of Emigration,* 113 U.S. 33, 39, 5 S.Ct. 352, 355, 28 L.Ed. 899 (1885) (Courts should not " 'anticipate a question of constitutional law in advance of the necessity of deciding it....' "); *Spector Motor Service, Inc. v. McLauglin,* 323 U.S. 101, 105, 65 S.Ct. 152, 154, 89 L.Ed. 101 (1944) ("If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that [courts] ought not to pass on questions of constitutionality ... unless such adjudication is unavoidable.").

Accordingly, the court reserves ruling on the plaintiff's motion for summary judgment as to counts IV and VIII of the plaintiff's amended complaint. The court, likewise, reserves ruling on the substantive grounds raised in the motion of the defendants to dismiss or, in the alternative, motion for summary judgment, as to counts I, II, III, and IV of the plaintiff's amended complaint.

Count IX of the plaintiff's amended complaint alleges a violation of § 504 of the Rehabilitation Act. Courts have generally found that there is no right to trial by jury under § 504 of the Rehabilitation Act, 29 U.S.C. § 794 because the remedies under the Act are essentially equitable in nature. *See, e.g., Doe v. Region 13 Mental Health-Mental Retardation Commission,* 704 F.2d 1402, 1407 n. 3 (5th Cir.1983), *reh'g en banc denied,* 709 F.2d 712 (5th Cir.1983). In the interest of expediting the case and for reasons of judicial economy, the court hereby severs out count IX of the plaintiff's amended complaint, to be tried separately from the plaintiff's constitutional claims.

6. SUPPLEMENTAL MOTION OF DEFENDANT HAYWARD J. BENSON, JR., TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

■ The defendant, Hayward J. Benson, Jr., states in his supplemental motion to dismiss or, in the alternative, motion for summary judgment, that "the amended complaint does not allege a single specific act allegedly performed by Defendant Benson, Jr., which affected any statutory or constitutional right of the plaintiff." Defendant's Motion at 2. The court agrees with the defendant. Accordingly, the supplemental motion of the defendant, Hayward J. Benson, Jr., to dismiss or, in the alternative, motion for summary judgment, is GRANTED, without prejudice to refile if discovery indicates a good faith basis for the plaintiff to renew his claims against this individual.

The court rejects the suggestion of the defendants that abstention is appropriate in this case.

It is further ORDERED AND ADJUDGED that the defendants shall answer the plaintiff's complaint within ten (10) days of the filing of this order.