**Zulma CORDERO–MARTINEZ and All Similarly Situated, Plaintiffs,**

**v.**

**Hon. Awilda APONTE–ROQUE, Secretary of Education of P.R.; Mrs. Luz M. Estrada, Superintendent of the School District Rio Piedras III; Mrs. Mildred Ramos, Supervisor of Special Education Rio Piedras III; Mrs. X–Ayala, Supervisor Special Education San Juan Region; Attorney General for Handicap Persons, Defendants.**

**Civ. No. 87–0003CC.**

United States District Court,
D. Puerto Rico.

June 2, 1988.

Jesús Hernández–Sánchez, Santurce, P.R., for plaintiffs.

Francisca Santiago–Negrón, Federal Litigation Div., Dept. of Justice, Com. of Puerto Rico, San Juan, P.R., for defendants.

### OPINION AND ORDER

CEREZO, District Judge.

This case, a civil rights action based upon discrimination by reason of a handicap, is before us on two motions to dismiss. The facts of the case are as follows:

Plaintiff Zulma Cordero–Martínez is a blind teacher; a honors graduate of the University of Puerto Rico who specialized in elementary and special education for handicapped children. She alleges that she

applied for a position in special education for the Río Piedras School District and was given turn number 477. She claims that she was interviewed by codefendants Mildred Ramos and X Ayala for post number 1785. Although she was qualified for the position, she contends that they requested that she decline the offer because of her handicap. She refused to do so. Cordero–Martínez claims that they eventually located another candidate for the position who had a lower turn, number 340, but that this woman was less qualified. It is Cordero–Martínez' contention that she was not appointed to the post solely because of her physical handicap in violation of her equal protection rights under the Constitution and laws which prohibit this type of discrimination.

■ The Attorney General for Handicapped Persons has filed a motion to dismiss based upon claims of Eleventh Amendment immunity from suit, in that the office is an arm of the office of the Governor of Puerto Rico. The remaining defendants have moved to dismiss for failure to exhaust administrative remedies. The motion by the Attorney General for the Handicapped is well taken. It is clear from the law which creates the office that it is an arm of the executive branch of government. See 3 L.P.R.A. Chapter 24A, Sections 532, *et seq.*

Although plaintiff argues that the attorney general is being sued in his individual capacity, the contention is meritless; plaintiff does not even identify the individual occupying the position. Moreover, the complaint fails to state a claim of discrimination against this defendant. It merely states that: "For example, in relation to plaintiff's case, *his office* entertained a grievance she filed during the month of October 1986 and, up to now, has done nothing besides mailing a letter ... requesting information about the status of plaintiff's application...." (Our emphasis.)

■ The remaining defendants' motion is more complex. It is their belief that the Court lacks jurisdiction over the present action because the alleged cause of action arises under the Rehabilitation Act of 1973, as amended (29 U.S.C. Sections 701, *et seq.*) and not from the Civil Rights Act, 42 U.S. C. Section 1983. They contend that the Rehabilitation Act is the exclusive remedy available to plaintiff and that said act requires the exhaustion of administrative remedies.

Section 504 of the Rehabilitation Act, 29 U.S.C. Section 794, provides that: "No otherwise qualified handicapped individual ... shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...." Section 1983 on the other hand, creates a cause of action whenever, a person who, "under color of law, subjects or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitutions and *laws*...." (Emphasis added.)

The question before us then, is whether the Rehabilitation Act is a law within the meaning of Section 1983 or whether the Act itself contains the exclusive or primary remedies for its own enforcement.

The Supreme Court has stated that:

We do not lightly conclude that Congress intended to preclude reliance on 1983 as a remedy for a substantial equal protection claim. Since 1871, when it was passed by Congress, Section 1983 has stood as an independent safeguard against deprivations of federal constitutional and statutory rights. (Citations omitted.) Nevertheless, section 1983 is a statutory remedy and Congress retains the authority to repeat it or replace it with an alternative remedy. The crucial consideration is what Congress intended.

*Smith v. Robinson*, 468 U.S. 992, 1012, 104 S.Ct. 3457, 3468, 82 L.Ed.2d 746 (1984). In *Smith*, the Court held that the Education of the Handicapped Act (EHA) was the exclusive avenue through which the petitioner could assert an equal protection claim to a publicly financed special education, and thus could not rely on section 1983 as an equal protection for the purpose

of entitlement to an award of attorney's fees.

Defendants argue an analogy between the EHA and the Rehabilitation Act, not so much for its exclusivity as for the requirement of exhaustion of remedy.[1] The Supreme Court, however, intimated that a Section 504 claim, unlike EHA, did not require exhaustion of remedies: "The only elements added by Section 504 are the possibility of circumventing EHA administrative procedures and *going straight to court with a Section 504 claim,* the possibility of a damages award ... and attorney's fees." (Emphasis ours.) *Smith, supra,* at 1019, 104 S.Ct. at 3472.

The Court, in *Smith,* was very careful to distinguish the Rehabilitation Act from the EHA:

> Section 504 and the EHA are different substantive statutes while the EHA guarantees a right to a free appropriate public education, Section 504 simply prevents discrimination on the basis of a handicap....
>
> ....
>
> In *Southeastern Community College v. Davis,* 442 U.S. 397, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979), the Court emphasized that Section 504 does not require affirmative action on behalf of handicapped, but only the absence of discrimination against those persons.

*Smith, supra,* 468 U.S. at 1017–1018, 104 S.Ct. at 3471.

While the majority opinion in *Smith* concentrates on why the EHA is exclusive vis a vis the Rehabilitation Act, the dissenting judges argue their position equating the possibility of a claim under both Section 504 and Section 1983. *Id.,* at 1022–1025, 104 S.Ct. at 3473–3475. Likewise, the claim brought in *Southeastern Community College, supra,* was brought under both Sections 504 and 1983. Lower courts continue to find a cause of action under Section 1983 for allegations of discrimination by reason of a handicap. *See e.g., Shuttleworth v. Broward County,* 639 F.Supp. 654

(S.D.Fla.1986); *Sanders by Sanders v. Marquette Public Schools,* 561 F.Supp. 1361 (W.E.Mich.1983); *Hutchings v. Erie City and County,* 516 F.Supp. 1265 (W.D. Pa.1981).

For the above-stated reasons, the September 16, 1987 motion to dismiss filed by the Attorney General for the Handicapped is GRANTED. The remaining defendants' motion to dismiss is hereby DENIED.

SO ORDERED.

---

1. Plaintiff did not file their action under the Rehabilitation Act, quite possibly so because it does not appear that Puerto Rico has waived its sovereign immunity as to this law. *See Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985).