Frances FOWLER, Plaintiff,

v.

Anthony FRANK, Postmaster General, United States Postal Services, Defendants.

Civ. A. No. 87–30089 PH.

United States District Court, E.D. Michigan, S.D.

Dec. 23, 1988.

Mark D. Greenman, Hamtramck, Mich., for plaintiff.

Carolyn Bell Harbin, Asst. U.S. Atty., Detroit, Mich., for defendant Anthony Frank.

Mary Ann Gibbons, U.S. Postal Service, Office of Labor Law, Washington, D.C., for U.S. Postal Service.

## MEMORANDUM OPINION AND ORDER

JAMES HARVEY, District Judge.

The plaintiff brought this action, her second related to these facts, against the defendant United States Postal Service (U.S. P.S.) alleging violations of the handicapped discrimination provisions of the Rehabilitation Act of 1973 (Act), 29 U.S.C. § 791 *et seq.* The defendant has moved the Court for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, or in the alternative for summary judgment pursuant to Federal Rule of Civil Procedure 56.

### I.

In 1970, the plaintiff, while employed by the defendant in South Suburban, Illinois,

incurred debilitating injuries in the course of her employment. Following fourteen-odd years of rehabilitation, the defendant determined that the plaintiff was able to resume working. Consistent with this finding, the defendant offered the plaintiff, now a Port Huron resident, a permanent limited duty clerk's position in the defendant's Royal Oak Management Sectional Center (R.O.M.S.C.). Notwithstanding the plaintiff's decision concerning this position, her Worker's Compensation benefits were scheduled to terminate. The plaintiff thereafter accepted the job, yet almost immediately began inquiring into possible openings at the defendant's Port Huron facility.

Responding to these inquiries, the Port Huron Postmaster offered the plaintiff a part-time clerk assignment purportedly suited to the plaintiff's physical limitations. Apparently because of the part-time nature of the job, and the requirement that the plaintiff obtain an additional skill, the plaintiff failed to respond to this offer. Continued inability to secure a transfer to Port Huron resulted in the plaintiff filing suit in the Oakland County Circuit Court in 1985, alleging violations of the Michigan Handicappers Civil Rights Act, M.C.L.A. § 37.1101 *et seq.* After removal to federal court, Judge Taylor of the Eastern District granted the defendant's motion to dismiss due to the exclusivity of remedy provided by the Rehabilitation Act for allegations of handicap discrimination by federal employers, and also for failure to exhaust administrative remedies prior to filing suit.

Finally, and following intermittent communications between the plaintiff and various representatives of the defendant, plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) on April 20, 1987. Less than one week prior to filing this complaint, the plaintiff received a letter from the Officer–in–Charge of the Port Huron Post Office, Robert Brown, informing the plaintiff of the continued unavailability of any suitable positions in Port Huron. This information, according to the plaintiff, was incorrect. Plaintiff alleges that the Port Huron Post Office had offered two other handicapped postal employees positions involving duties similar to her job at the R.O.M.S.C. during this period. Upon a failure to gain relief from the EEOC, the plaintiff filed the present action.

## II.

The first issue for resolution is whether the plaintiff is properly before the Court. Prior to bringing an action under either section 501 or section 504 of the Act, 29 U.S.C. §§ 791, 794,[1] a plaintiff must exhaust available administrative remedies. *Hall v. United States Postal Service*, 857 F.2d 1073, 1078 n. 4 (6th Cir.1988). To this end, the relevant regulations require a plaintiff to file a complaint with the EEOC within 30 days of the date of the "alleged discriminatory event, the effective date of an alleged discriminatory personnel action, or the date that the aggrieved person knew or reasonably should have known of the discriminatory event or personnel action." 29 C.F.R. §§ 1613.708, 1613.214(a)(i). The question therefore presented is whether the plaintiff filed her complaint of April 20, 1987, within 30 days of an alleged discriminatory event or personnel action.

In her brief, the plaintiff propounds two theories supporting a finding that that her EEOC complaint was timely filed. First, she asserts that a discriminatory event occurred April 14, 1987, through the letter of Robert Brown indicating that no openings existed commensurate with her limitations at that time. The plaintiff insists that during this time the Port Huron office created a light duty position for another handicapped postal employee, and that Brown's

---

**1.** Section 501 of the Act basically requires federal employers, including the U.S. Postal Service, to create affirmative action plans applicable to handicapped individuals. 29 U.S.C. § 791(b). Section 504 prohibits handicapped discrimination "under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." 29 U.S.C. § 794. The Sixth Circuit affirmatively recognized a private cause of action under section 504 in *Smith v. United States Postal Service*, 766 F.2d 205 (6th Cir.1985).

lack of acknowledgment regarding this position constituted discrimination.

Second, the plaintiff suggests that the Court should equitably toll the time for filing the EEOC complaint, in light of representations made by the Port Huron Postmaster. Specifically, the plaintiff complains that if not for the allegedly false statements of the Postmaster regarding the nonexistence of a suitable position, she would have filed a complaint at an earlier date. The alleged falsification, plaintiff asserts, prevented her from recognizing the discriminatory actions of the defendant.

■ Concerning the plaintiff's first theory, the Court initially notes that plaintiff's complaint of discrimination involves one handicapped person (the plaintiff) vis-a-vis another handicapped person. Two circuits have indicated that it is doubtful that Congress intended to cover this situation in passing section 504 of the Act. *Mckelvey v. Turnage*, 792 F.2d 194, 200 n. 2 (D.C.Cir. 1986); *Colin K. v. Schmidt*, 715 F.2d 1, 9 (1st Cir.1983). More recently, in *Traynor v. Turnage*, —— U.S. ——, 108 S.Ct. 1372, 99 L.Ed.2d 618 (1988), the Supreme Court affirmed the D.C. Circuit and noted that "the central purpose of § 504 ... is to assure that handicapped individuals receive 'evenhanded treatment' in relation to non-handicapped individuals." *Id.* —— U.S. at ——, 108 S.Ct. at 1382, 99 L.Ed.2d at 632 (citations omitted). Furthermore, "nothing in the Rehabilitation Act ... requires that any benefit extended to one category of handicapped persons also be extended to all other categories of handicapped persons." *Id.* On this basis, then, the Court cannot accept the offer of a limited duty position to another handicapped employee as a valid discriminatory event, as contemplated under section 504. Thus, the plaintiff has failed to allege any discriminatory event that occurred within 30 days of the filing of her complaint with the EEOC.

■ This finding does not, however, control the disposition of the plaintiff's section 501 claim. These claims, closely akin to claims raised under Title VII of the Civil Rights Act, center on a federal employer's failure to engage in affirmative action.

*Hall v. United States Postal Service*, 857 F.2d 1073, 1077 (6th Cir.1988). Section 501 therefore imposes a stricter burden upon federal employers than section 504, and the absence of a discrete discriminatory event may not necessarily preclude liability. In the current context, the Court finds that the plaintiff's complaints regarding the defendant's failure to take appropriate efforts to place her in Port Huron satisfy the required allegation of a "discriminatory personnel action." 29 C.F.R. § 1613.214(a)(1)(i). The relevant inquiry under section 501 is simply whether a federal employer has made "reasonable accommodations for handicapped job applicants." *Hall*, 857 F.2d at 1077. Brown's letter of April 14, 1987, then, may evidence "a present violation which is part of an ongoing pattern of discrimination." *Roberts v. North American Rockwell*, 650 F.2d 823, 828 (6th Cir.1981). The plaintiff therefore timely filed her section 501 claim with the EEOC.

The plaintiff's request for equitable tolling of the filing period, pertinent now only to the section 504 claim, is disposed of readily. It is difficult to imagine how the plaintiff can claim reliance upon the Port Huron Postmaster's allegedly false representations in delaying the filing of an EEOC claim, when she filed suit in Oakland County Circuit Court for handicapped discrimination in December of 1985. Given this, the plaintiff's request requires no further discussion. Thus, the Court dismisses the plaintiff's section 504 claim for failure to exhaust her administrative remedies, but denies the defendant's motion to dismiss the plaintiff's section 501 claim on the basis of the timely filing of the April 20, 1987, complaint.

### III

■ Resolution of defendant's motion for summary judgment on the merits requires inquiry into the duties of the defendant under the relevant affirmative action regulations:

(a) An agency shall make reasonable accommodation to the known physical or mental limitations of a qualified handi-

capped applicant or employee unless the agency can demonstrate that the accommodation would impose an undue hardship on the operation of its program. (b) Reasonable accommodation may include, but shall not be limited to: (1) Making facilities readily accessible to and usable by handicapped persons, and (2) job restructuring, part-time or modified work schedules, acquisition or modification of equipment or devices, appropriate adjustment or modification of examinations, the provision of readers and interpreters, and other similar actions. 29 C.F.R. § 1613.704 (1987). Employers have the burden of proving inability to accommodate handicapped employees. *Prewitt v. United States Postal Service,* 662 F.2d 292, 308 (5th Cir. Unit A 1981). Once an employer provides credible evidence of an inability to accommodate, the affected employee must present evidence of individual capabilities and suggestions for accommodation. *Id.* Finally, an employer's affirmative action duty is tempered by the directive that any accommodation must not impose "undue hardship" upon the employer. 29 C.F.R. § 1613.704(a); 29 U.S.C. § 794a(a)(1) ("[i]n fashioning an equitable or affirmative action remedy under such section, a court may take into account the reasonableness of the cost of any necessary work place accommodation, and the availability of alternatives therefor or other appropriate relief in order to achieve an equitable and appropriate remedy.").

▪ Complicating this case is the fact that the defendant has already placed the plaintiff in a position designed to accommodate her physical limitations. The plaintiff contends that the defendant has a duty to further accommodate her by transferring her closer to Port Huron. The threshold, and perhaps determinative, issue then is whether the defendant has made reasonable accommodation.[2] The Court is unable to locate any precedent factually on point. The bulk of "reasonable accommodation" decisions involve the refusal to hire or the discharge of employees, not requests for transfers. Due to this absence of case authority, the Court must rely on the statutory and regulatory language for guidance, as well as analogies to the available precedent.

Nothing in the statute or the regulations suggests that a federal employer must create a new position for, or even reassign, an employee that has become handicapped. Additionally, the few opinions addressing the subject deny that either such duty exists. *See School Board of Nassau County v. Arline,* 480 U.S. 273, 289 n. 19, 107 S.Ct. 1123, 1131 n. 19, 94 L.Ed.2d 307, 321 n. 19 (1987) (dictum); *Davis v. United States Postal Service,* 675 F.Supp. 225, 233 (M.D. Pa.1987). It appears to the Court that the defendant has clearly made the minimum "reasonable accommodation" required under the Act. Moreover, we find unpersuasive the plaintiff's assertion that the Port Huron Post Office's creation of a limited duty position for a returning rehabilitated employee represented evidence that creating such a position for the plaintiff would create no "undue hardship." The duty to create the disputed position arose solely out of a collective bargaining agreement provision; a provision that apparently exceeds the Postal Service's affirmative action duty imposed under the Act.

In short, the Court finds that the plaintiff has failed to produce any evidence that the defendant has failed to provide her reasonable accommodation as required under the Act. The material facts are undisputed that the defendant provided the plaintiff a limited duty position upon completing rehabilitation; indeed, the defendant provided this position despite the fact the plaintiff could not, due to physical limitations, return to her original position. The plaintiff's claim that she is entitled to a transfer to Port Huron is simply unsupported. Not only is there no affirmative duty on the defendant to create any such position, but any assertion that such a position was wrongfully offered to a fellow handicapped employee fails to recognize

---

**2.** The Court finds it unnecessary to address whether the plaintiff is "otherwise qualified" for any specific position in light of our resolution of the "reasonable accommodation" issue.

the most elementary purpose of the Act—the prevention of favorable treatment of nonhandicapped individuals.

### IV.

Based upon the foregoing, the Court GRANTS the defendant's motion to dismiss the plaintiff's section 504 claim for failure to state a claim upon which relief may be granted, and further GRANTS the defendant's motion for summary judgment with respect to the plaintiff's section 501 claim.

IT IS SO ORDERED.