Archie MENDENHALL, Plaintiff,

v.

KOCH SERVICE, INC., a Corporation, Defendant.

No. 92–C–290–B.

United States District Court, N.D. Oklahoma.

March 8, 1993.

James C. Garland, III, Steven R. Hickman, Frasier & Frasier, Tulsa, OK, for plaintiff.

Kelley D. Sears, Rick E. Bailey, Ross Townsend, Koch Industries Inc., Wichita, KS, Larry Leonard, Zarbano Leonard Scott & Fehrle, Tulsa, OK, for defendant.

## ORDER

BRETT, District Judge.

Now before the Court for decision is the Motion for Summary Judgment, pursuant to Fed.R.Civ.P. 56, of the defendant, Koch Service, Inc. ("Koch") against the plaintiff, Archie Mendenhall. For the reasons set forth hereafter, the Court concludes that the defendant's motion should be sustained.

The following facts are undisputed:

1. Koch employed Mr. Mendenhall as a truck driver.

2. Truck drivers in the employ of Koch must meet all of the Department of Transportation's requirements for truck driver certification.

3. One of the Department of Transportation's requirements for truck driver certification is that a driver may not be an insulin-dependent diabetic.

4. Mr. Mendenhall was diagnosed as a diabetic in October of 1990 and prescribed insulin as treatment.

5. Mr. Mendenhall went on a medical leave of absence on October 1, 1990 due to his diabetic condition.

6. Mr. Mendenhall was unable to return to work and was put on long term disability on March 3, 1991.

■ Pursuant to Fed.R.Civ.P. 56, summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Windon Third Oil and Gas v. Fed. Deposit Ins. Corp.*, 805 F.2d 342, 345 (10th Cir.1986), *cert. denied* 480 U.S. 947, 107 S.Ct. 1605, 94 L.Ed.2d 791 (1987). In *Celotex*, it is stated:

"[T]he plain language of Rule 56(c) mandates entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

477 U.S. at 322, 106 S.Ct. at 2552.

To survive a motion for summary judgment, nonmovant "must establish that there is a genuine issue of material fact ..." Nonmovant "must do more that simply show that there is some metaphysical doubt as to material facts." *Matsushita v. Zenith*, 475 U.S. 574, 585–86, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986).

■ A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must affirmatively prove specific facts showing there is a genuine issue of material fact for trial. In *Anderson v. Liberty Lobby, Inc., supra* the Court stated that:

"The mere existence of a scintilla of evidence in support of the plaintiff's position

will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."

*Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.

The Tenth Circuit requires "more than pure speculation to defeat a motion for summary judgment" under the standards set by *Celotex* and *Anderson*. *Setliff v. Memorial Hosp. of Sheridan County*, 850 F.2d 1384, 1393 (10th Cir.1988).

■ Plaintiff does not contest the fact that Koch could not permit him to continue being a truck driver after he became diabetic and dependent on insulin. Rather, he alleges that pursuant to Oklahoma law Koch has a duty to either create a new job for him or transfer him to a vacant existing position. Koch counters that no such duty exists.

Okla.Stat. tit. 25, § 1302 provides:

A. It is a discriminatory practice for an employer:

1. To fail or refuse to hire, to discharge, or otherwise to discriminate against an individual with respect to compensation or the terms, conditions, privileges or responsibilities of employment, because of race, color, religion, sex, national origin, age, or handicap [1] unless such action is related to a bona fide occupational qualification reasonably necessary to the normal operation of the employer's business or enterprise ...

The Oklahoma Human Rights Commission has promulgated rules and guidelines intended to clarify and implement Oklahoma's Anti–Discrimination Act, Title 25, Oklahoma Statutes 1981, § 1101 *et seq.* The introduction to the interpretive guidelines states "that no qualified handicapped person shall on account of handicap, be subjected to discrimination in employment ..." (Oklahoma Human Rights Commission Rules and Guidelines § IX(A) [hereinafter "Guidelines"]).

The Commission espouses the federal Rehabilitation Act of 1973's definition of "qualified" handicapped person. 29 C.F.R. § 1613.702(f). A qualified handicapped per-

---

1. Pursuant to Okla.Stat. tit. 25, § 1301(4) a " 'handicapped person' means a person who has a physical or mental impairment which substantially limits one or more of such person's major life activities, has a record of such impairment or

is regarded as having such an impairment ..." For purposes of its motion for summary judgment Koch concedes that Mr. Mendenhall's insulin-dependent diabetes makes him a handicapped person under this definition.

son is "a person with a handicap who with reasonable accommodation can perform the essential functions of the job in question." (Guidelines § IX(B)(2)).

The Guidelines state that an employer "shall make reasonable accommodation to the known limitations of an otherwise qualified handicapped applicant or employee unless the employer can demonstrate that the accommodation would impose an undue hardship." (Guidelines § IX(C)(a)). Reasonable accommodation may include modifying work sites or common areas, restructuring or modifying work or schedules, or modifying equipment. (Guidelines § IX(C)(b)(1) & (2)).

Oklahoma state courts have not addressed the issue of whether under Oklahoma's anti-discrimination statute the employer's duty to reasonably accommodate requires finding a new position for a handicapped employee. However, Oklahoma's anti-discrimination statute expressly states that its purpose is to "provide for execution within the state of the policies embodied in ... Section 504 of the federal Rehabilitation Act of 1973 ..." Okla.Stat. tit. 25, § 1101(A). Case law interpreting the federal Rehabilitation Act is, therefore, persuasive.

The identical issue has been addressed many times by federal courts in actions brought pursuant to the federal Rehabilitation Act. The great majority of courts have held that "under the Rehabilitation Act of 1973, 29 U.S.C. § 701–96 (1982), where there is a duty to reasonably accommodate handicapped employees, the employer is not required to 'find another job for an employee who is not qualified for the job he or she was doing, ... [unless there are] alternative employment opportunities reasonably available under employer's existing policies.' " *Griffin v. Defense Mapping Agency*, 864 F.2d 1579, 1580 (Fed.Cir.1989) quoting *School Bd. v. Arline*, 480 U.S. 273, 289 n. 19, 107 S.Ct. 1123, 1131 n. 19, 94 L.Ed.2d 307 (1987); *see also Guillot v. Garrett*, 970 F.2d 1320, 1326–27 (4th Cir.1992); *Mackie v. Runyon*, 804

F.Supp. 1508 (M.D.Fla.1992) citing *Wimbley v. Bolger*, 642 F.Supp. 481, 486 (W.D.Tenn. 1986), *Carty v. Carlin*, 623 F.Supp. 1181, 1188–89 (D.Md.1985), and *Alderson v. Postmaster Gen. of United States*, 598 F.Supp. 49, 55 (W.D.Okla.1984); *Alexander v. Frank*, 777 F.Supp. 516, 524 (N.D.Tex.1991); *Fowler v. Frank*, 702 F.Supp. 143, 147 (E.D.Mich. 1988); *Fields v. Lyng*, 705 F.Supp. 1134, 1137 (D.Md.1988) *aff'd* 888 F.2d 1385 (4th Cir.1989); *Davis v. United States Postal Serv.*, 675 F.Supp. 225, 233–34 (M.D.Pa. (1987); *American Fed'n of Gov't Employees Local 51 v. Baker*, 677 F.Supp. 636, 638 (N.D.Cal.1987).

Only if Koch normally requires transfer of its handicapped employees to other jobs under its "existing policies" can it be in violation of the anti-discrimination statute. *See Shea v. Tisch*, 870 F.2d 786 (1st Cir.1989); *see also, Guillot*, 970 F.2d at 1327 *Griffin*, 864 F.2d at 1580–81. Jeff Gough who is the employee relations supervisor for Koch Industries testified at his deposition that there is no policy within the company requiring that another position be found for handicapped workers. (Telephone Deposition of Jeff Gough at 12). Plaintiff has failed to come forward with specific facts or evidence to show that Koch had such an existing policy.[2]

### CONCLUSION

The duty to accommodate exclusively contemplates reasonable accommodation of a qualified employee's current position and does not include a requirement to transfer an employee to another position. Koch's motion for summary judgment is therefore hereby GRANTED.

IT IS SO ORDERED.

---

2. Plaintiff proffered deposition testimony of two of Mr. Mendenhall's fellow employees who stated that there were certain jobs in Koch Services and Koch Gathering that Mr. Mendenhall could have done. In addition, Mr. Mendenhall testified that Koch had transferred or created another job for another insulin dependent diabetic who could no longer drive a truck. It cannot be inferred from these statements that Koch had company policies mandating finding new jobs for handicapped employees unable to do the job for which they were hired.