52 F.3d 327
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Harry J. TERRELL, Jr. Defendant-Appellant.
 No. 94-3713.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1995.
 
 Before: NELSON and DAUGHTREY, Circuit Judges; and CHURCHILL, Senior District Judge.*
 PER CURIAM.
 
 
 1
 The appellant, Harry James Terrell, Jr., was convicted by plea of possession of a firearm with three previous felony convictions in violation of 18 U.S.C. Sec. 922(g)(1).
 
 On timely appeal, he asserts two claims:
 
 2
 (1) The district court erred by refusing to allow him to withdraw his plea of guilty, and
 
 
 3
 (2) His state court convictions may not be used as predicate offenses pursuant to 18 U.S.C. Sec. 921(a)(20) because his civil rights had been restored by operation of a certificate issued by the State of Ohio up on termination of his parole prior to the time he was found to be in possession of a firearm.
 
 
 4
 The essential facts and procedural history of the case are not in dispute.
 
 
 5
 Between October 28, 1974 and March 1, 1985, Terrell was convicted in Cuyahoga County, Ohio, of three robbery offenses, each of which was an offense punishable under Ohio law by imprisonment for a term exceeding one year.
 
 
 6
 On March 28, 1991, Terrell received a document entitled "Final Release and Restoration from the Ohio Adult Parole Authority" which contained the following language:
 
 
 7
 Under the Authority of the Section 2967.16, the Adult Parole Authority hereby RESTORES you to the rights and privileges forfeited by your conviction. This final release is not a waiver of collateral disabilities of conviction set forth in the Ohio Revised Code.[1]
 
 
 8
 On November 30, 1992, Terrell was arrested on a warrant for another offense and was found to be in possession of a firearm.
 
 
 9
 On June 16, 1993, Terrell was indicted for the firearm possession charge.
 
 
 10
 On August 17, 1993, Terrell pled guilty to the charge in the indictment.
 
 
 11
 On October 29, 1993, Terrell filed a pro se motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. Sec. 2255.
 
 
 12
 On November 10, 1993, the district court ordered that the pro se motion be construed as a motion to withdraw his guilty plea as filed pursuant to Rule 32(d), Federal Rules of Criminal Procedure.
 
 
 13
 On December 15, 1993, substitute counsel was appointed. The new attorney briefed the motion as construed by the court.
 
 
 14
 On June 16, 1994, the court adopted a magistrate judge's recommendation and denied Terrell's motion to withdraw his plea.
 
 
 15
 On June 21, 1994, Terrell was sentenced pursuant 18 U.S.C. Sec. 924(e) to a custodial term of 180 months plus three years' supervised release.
 
 
 16
 More than two months elapsed between entry of the plea and the motion to withdraw the plea. Whether it was fair and just to deny the motion to withdraw the plea depends upon the merits of the issue defined by the appellant's second claim on appeal.
 
 
 17
 The appellant argues that the state robbery convictions are excluded as predicate offenses by operation of the civil rights restoration clause of 18 U.S.C. Sec. 921(a)(20). The appellant concedes, as indeed he must, that this court took a contrary position in United States v. Cassidy, 899 F.2d 543 (6th Cir.1990), and that, unless the court is relieved from following Cassidy, his conviction and sentence must be affirmed.
 
 
 18
 A published decision rendered by a three-judge panel of this court may only be reversed by the full court sitting en banc, except when the Supreme Court has issued a contrary ruling, or when a change has occurred in the substantive law. Salmi v. Secretary of Health and Human Services, 774 F.2d 685, 689 (6th Cir.1985); Smith v. United States Postal Service, 766 F.2d 205, 207 (6th Cir.1985); United States v. Edge, 989 F.2d 871, 876 (6th Cir.1993).
 
 
 19
 There has been no change of relevant substantive federal or state law.
 
 
 20
 The appellant argues that the court is relieved from the obligation to treat Cassidy as controlling authority by the United States Supreme Court's decision in Beecham v. United States, 114 S.Ct. 466, 128 L.Ed.2d 383 (1994).
 
 
 21
 In Beecham the Supreme Court ruled that a state restoration of a convicted felon's civil rights does not remove the disability of firearm possession imposed by federal law as a result of a federal conviction. We do not find the ruling or language of Beecham to have any bearing on the Cassidy issue.
 
 
 22
 Accordingly, the appellant's conviction is affirmed.
 
 
 
 *
 Honorable James P. Churchill, Senior United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 We assume, as do the parties on appeal, that such restoration applies to all three convictions