William O. SKILLERN,
Plaintiff-Appellant,

v.

William F. BOLGER, Postmaster General
of the United States,
Defendant-Appellee.

No. 83–1884.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 13, 1983.
Decided Jan. 18, 1984.

Belle T. Choate, Choate, Visher & Haith, Indianapolis, Ind., for plaintiff-appellant.

Harold R. Bickham, Asst. U.S. Atty., Indianapolis, Ind., for defendant-appellee.

Before CUMMINGS, Chief Judge, and ESCHBACH and COFFEY, Circuit Judges.

CUMMINGS, Chief Judge.

Plaintiff William O. Skillern appeals the involuntary dismissal of his civil rights complaint brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* We affirm.

This 1981 action grows out of plaintiff's inability to obtain employment as a janitor with the Post Office. He first sought such employment in January 1978. Because Skillern suffers from dyslexia, a reading disability which causes great difficulty in comprehending written words, he could not complete the employment application form from the Post Office without assistance. After Skillern was refused permission to take an application home, he contacted his vocational rehabilitation counselor and a February 1978 meeting with postal officials was arranged. At the meeting the parties agreed that Skillern's disability limited his job suitability to the position of custodian. The Post Office normally filled openings for this position through a competitive examination that was restricted to veterans. It had, however, created an alternate hiring register for the severely handicapped and officials offered to assist Skillern, a non-veteran, in getting his name placed on this list. Despite providing officials with all the information they requested, Skillern was never permitted to apply for the job.[1] Af-

ter repeated unsuccessful attempts to gain employment as a janitor, Skillern filed this lawsuit seeking, *inter alia,* an order requiring defendant to hire him and an award for damages.

A bench trial was held. After Skillern presented his case in chief, defendant moved for an involuntary dismissal under Rule 41(b), Federal Rules of Civil Procedure. The trial court granted the motion and issued findings of fact and conclusions of law as required by Rule 52(a), Federal Rules of Civil Procedure. This appeal followed.

It is well settled that a Rule 41(b) dismissal of an employment discrimination complaint at the close of plaintiff's case in chief is proper "if the record ... contains the defendant's reasons for its actions, and if the evidence in the record is sufficient to support a judgment in the defendant's favor." *Ekanem v. The Health and Hospital Corp.,* 724 F.2d 563 at 568 (7th Cir.1983). *See also Bugg v. International Union of Allied Industrial Workers,* 674 F.2d 595, 599 n. 6 (7th Cir.1982); *Gaballah v. Johnson,* 629 F.2d 1191, 1200 (7th Cir.1980); *Flowers v. Crouch-Walker Corp.,* 552 F.2d 1277, 1281–82 (7th Cir.1977). Evidence adduced at trial indicates (1) that the Veterans' Preference Act of 1944 restricts Post Office hirings for custodial positions to veterans so long as veterans remain available,[2] (2) that Skillern was not a veteran, and (3) that the Post Office had on file a surfeit of applications from veterans. Even assuming that Skillern made out a prima facie case of discrimination,[3] he needed to rebut this legitimate

---

1. In a letter dated September 5, 1980, defendant did offer to add plaintiff's name to the hiring register for the severely handicapped in settlement of his discrimination complaint. This offer was refused.

2. *See* 5 U.S.C. § 3310. The Veterans' Preference Act restricts the competitive examination for custodial positions to "preference eligibles," who are defined as veterans and certain of their privies. *See* 20 C.F.R. 2108 (1980). The preferences mandated by the Act apply to Post Office hirings. *See* 39 U.S.C. § 1005(a)(2).

   Plaintiff points out that defendant created an alternate hiring register for the severely handi-

capped which eliminated the requirement that applicants take an examination. He appears to assert that veterans receive no preference on this special register and that defendant's failure to hire him cannot be justified on this basis. Contrary to plaintiff's belief, selections from the special register do follow a preference system which favors veterans. *See* P–11 Handbook of the Postal Service §§ 261.338, 261.343, and 262.111.

3. The court need not decide whether Skillern made out a prima facie case of discrimination since this appeal comes before it on a Rule 41(b) motion. *Cf. Ellis v. Carter,* 328 F.2d 573 (9th Cir.1964).

non-discriminatory justification for defendant's failure to hire him. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). This he failed to do. Skillern did not present one shred of evidence that the real reason he was not hired grew out of his handicap and not his failure to have served in the armed forces; he did not even produce evidence that defendant hired any custodians, let alone non-veteran applicants, during the period he sought employment.[4]

Moreover, terms of the very laws under which plaintiff sues preclude the attack he launches against defendant's hiring practices. Section 712 of Title VII provides that "[n]othing contained in this subchapter shall be construed to repeal or modify any Federal, State, territorial, or local law creating special rights or preferences for veterans." 42 U.S.C. § 2000e–11. Skillern's invocation of Title VII to circumvent the veterans' preference of the Post Office would work exactly the sort of modification that Congress did not intend the statute to bring about. *See Bannerman v. Department of Youth Authority,* 436 F.Supp. 1273 (N.D.Cal.1977), *aff'd,* 615 F.2d 847 (9th Cir. 1980).

Nor can plaintiff recover under the Rehabilitation Act. Congress created an explicit right of action for victims of employment discrimination due to handicap in Section 505 of that Act. That section protects rights and provides remedies in terms

of provisions of Title VII.[5] While section 505 does not specifically adopt the Title VII section 712 provision concerning conflicts with veterans' preference laws, *supra,* failure to impute that provision to actions brought under the Rehabilitation Act would effectively expand the reach of the Rehabilitation Act beyond that of Title VII. Congress clearly did not intend such a result. *See* S.Rep. No. 820, 95th Cong., 2d Sess. 18–19 (1978) and H.Conf.Rep. No. 1780, 95th Cong., 2d Sess. 93, *reprinted in* 1978 U.S. Code Cong. & Ad.News 7312, 7374 (1978). Thus, neither of the statutes under which plaintiff sues can provide him with relief.[6] Accordingly, the decision is

AFFIRMED.

---

**4.** In a strict sense, Skillern could not have been hired before the Post Office took his application and it is this failure to permit him to apply for the position that forms the gist of his complaint. We need not decide whether the Post Office must accept his application since it has already offered to place his name on the hiring register for the severely handicapped.

**5.** Section 505 of the Rehabilitation Act provides that

[the] remedies, procedures and rights set forth in section 717 of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000e–16], including the application of sections 706(f) through 706(k) [43 U.S.C.A. § 2000e–5(f) through (k) ], shall

be available, with respect to any complaint under section 791 of this title, to any employee or applicant for employment aggrieved by the final disposition of such complaint or by the failure to take final action on such complaint. . . .

29 U.S.C. § 794a(a)(1).

**6.** We do not understand plaintiff to be challenging the constitutionality of the Veterans' Preference Act. Nevertheless, we note that the Supreme Court has upheld a similar Massachusetts statute in the face of an equal protection challenge. *See Personnel Administrator of Massachusetts v. Feeney,* 442 U.S. 256, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979).