**Millard A. HURST, Plaintiff,**

v.

**The UNITED STATES POSTAL SERVICE and Albert V. Casey, Defendants.**

**Civ. A. No. C 85–3735 A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Oct. 2, 1986.

ed any evidence suggesting that disqualification of Rosen and his firm would work such a hardship.

John W. Lawson, Decatur, Ga., for plaintiff.

Steven Cowen, U.S. Atty., Barbara Tinsley, Asst. U.S. Atty., Atlanta, Ga., for defendants.

## ORDER

VINING, District Judge.

Millard Hurst has brought this action against the United States Postal Service ("USPS") and the Postmaster General[1] for reasonable accommodation under the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq.*, and for damages resulting from the alleged failure of the USPS to accommodate his physical handicap. Before the court is the defendants' motion for summary judgment.

## I. BACKGROUND

Mr. Hurst is a Vietnam veteran with a 40% disability rating from the Veterans Administration as a result of shrapnel wounds to his right knee and abdomen. The USPS hired Mr. Hurst as a clerk in the Griffin, Georgia, Post Office in 1970. He became a city letter carrier in 1972 and was promoted to the position of Carrier Technician (pay level "T-6") in 1973. The job description of a T-6 Carrier Technician includes the task of "deliver[ing] mail on foot or by vehicle on the routes in his group during the absence of the regularly assigned carrier...." According to Mr. Hurst, in 1978 he first began to experience job-related physical difficulties, which he reported to the managerial personnel at the Griffin Post Office. In 1980 Mr. Hurst wrote a letter to the Postmaster of the Griffin Post Office stating that he was "no longer able to carry out all assigned duties" and requested that he be assigned to a vacancy on the Rural Carrier Craft.

The applicable collective bargaining agreement requires the USPS to choose the most senior eligible employee bidding for the position to fill a Carrier Technician vacancy. Because Mr. Hurst had never held a position in a Rural Carrier Craft, he was ineligible under the collective bargaining agreement to bid for the vacancy. The Griffin Post Office denied his bid on that basis. Mr. Hurst's appeal of the denial of his bid was also denied because he was not a member of that craft and a senior member of the Rural Carrier Craft who had bid on the vacancy had priority. After a fitness-for-duty examination, Mr. Hurst was advised to file a request for light duty for which he was eligible under the collective bargaining agreement. Mr. Hurst, however, made no such request.

Mr. Hurst claims that in 1981 the Griffin Post Office did grant him "informal reasonable accommodation," which consisted of shifting him to motorized routes and having him carry parcels, relays, and special

1. Postmaster General Paul Carlin was originally served. However, Albert V. Casey was named Postmaster General during the pendency of this action, and he is hereby substituted for Paul Carlin as a party defendant.

deliveries whenever possible. Mr. Hurst claims that the Griffin Post Office terminated this "informal reasonable accommodation" after approximately a year and a half. Mr. Hurst is currently a Carrier Technician for three fully motorized routes and two routes requiring some mail delivery on foot. Mr. Hurst claims that since 1980 he has had to use his accrued sick and annual leave to protect his health and keep his job.

In February 1984, Mr. Hurst filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC"). After investigation of his complaint, the EEOC attorney-examiner concluded that Mr. Hurst was a qualified handicapped individual and that the USPS should accommodate him by giving him motorized routes, restore his sick leave, and pay his costs and attorney's fees.

In July 1985, the USPS rejected the decision of the attorney-examiner and concluded that Mr. Hurst had failed to prove he was a qualified handicapped individual and that the "reasonable accommodation" that he sought would unlawfully violate the collective bargaining agreement and would require the creation of additional routes which would be unfeasible. After receiving the final decision of the USPS, Mr. Hurst filed this action, pursuant to 29 C.F.R. § 1613.281, on August 14, 1985.

## II. ANALYSIS

Mr. Hurst has brought this action under sections 501 and 505 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794a(a)(1). Section 501 imposes a duty on federal agencies to insure handicapped individuals equal access to employment opportunities in the federal government, while section 505 creates a private right of action in favor of victims of handicapped discrimination by federal employers. The Act specifically prohibits handicap discrimination by the USPS against an "otherwise qualified handicapped individual." 29 U.S.C. § 794. A federal agency must provide "reasonable accommodation" to a qualified handicapped individual "unless the agency

can demonstrate that the accommodation would impose an undue hardship on the operation of its program." 29 C.F.R. § 1613.704(a).

Generally, a plaintiff in a handicap discrimination case must establish a prima facie case by showing that he was an "otherwise qualified handicapped individual" as defined by the Act and that he was rejected under circumstances giving rise to the inference that his rejection was based solely on his handicap. The defendant then has the burden of going forward and proving that the plaintiff was not an otherwise qualified handicapped individual or that his rejection from the program was for reasons other than his handicap. *Pushkin v. Regents of the University of Colorado*, 658 F.2d 1372 (10th Cir.1981).

In this action the USPS argues that Mr. Hurst was not entitled to reasonable accommodation or damages under the Rehabilitation Act because (1) Mr. Hurst is not a qualified handicapped individual as defined by the Act, and (2) even if Mr. Hurst was a qualified handicapped individual, he is not entitled to reasonable accommodation because the accommodation he seeks would contravene a collective bargaining agreement between the USPS and the local union and would be operationally burdensome and unduly costly for the USPS to implement. Pretermitting the first issue, the court concludes that the rights afforded a qualified handicapped individual under the Rehabilitation Act do not prevail over seniority rights afforded by a collective bargaining agreement.

Although the Rehabilitation Act does not address the issue of what effect a bona fide seniority system has on the rights of handicapped individuals, the Civil Rights Act specifically exempts such systems from coverage of that Act.

Notwithstanding any other provision of this subchapter, it shall not be an unlawful employment practice for an employer to apply different standards of compensation, or different terms, conditions, or privileges of employment pursuant to a

bona fide seniority or merit system, or a system which measures earnings by quantity or quality of production or to employees who work in different locations, provided that such differences are not the result of an intention to discriminate because of race, color, religion, sex, or national origin....

42 U.S.C. § 2000e–2(h).

The USPS argues that because section 505 of the Rehabilitation Act, 29 U.S.C. § 794a(a), incorporates specific remedies, procedures, and rights set forth in the Civil Rights Act, the limitations on actions brought under the Civil Rights Act should also apply to actions brought under the Rehabilitation Act. The USPS concludes that the Civil Rights Act's express exemption for bona fide seniority systems, quoted above, should apply to Mr. Hurst's action brought under the Rehabilitation Act.

Neither the United States Supreme Court nor the Eleventh Circuit has addressed this issue. This court agrees, however, with the reasoning of the Seventh Circuit in *Skillern v. Bolger*, 725 F.2d 1121 (7th Cir. 1984), which addressed a similar issue. In *Skillern*, the court affirmed the involuntary dismissal of the plaintiff's complaint brought under the Civil Rights Act and the Rehabilitation Act. In that case, the Postal Service refused to hire the plaintiff, who had a reading disability, for a custodial position reserved for veterans. The plaintiff was not a veteran. The Seventh Circuit stated that the plaintiff was precluded from suing under the Civil Rights Act because of the express provision in that act which exempted from its coverage laws creating veterans' special rights or preferences. 42 U.S.C. § 2000e–11. Moreover, the court read this veterans' preference limitation into the Rehabilitation Act, thereby precluding relief on that count also.

While section 505 [of the Rehabilitation Act] does not specifically adopt the Title VII section 712 provision concerning conflicts with veterans' preference laws, ... failure to impute that provision to actions brought under the Rehabilitation Act would effectively expand the reach of the Rehabilitation Act beyond that of Title VII. Congress clearly did not intend such a result.

725 F.2d 1123 (citing S.Rep. No. 820, 95th Cong., 2d Sess. 18–19 (1978) and H.Conf. Rep. No. 1780, 95th Cong., 2d Sess. 93, *reprinted in* 1978 U.S.Code Cong. & Ad. News 7312, 7374 (1978)).

Thus, this court finds that failure to impute the Title VII exemption granted to bona fide seniority systems into the Rehabilitation Act would similarly expand the reach of the Rehabilitation Act beyond that of Title VII, which Congress did not intend. Moreover, the clear weight of authority addressing the issue is that rights created under bona fide seniority systems prevail over the rights created by the Rehabilitation Act.

The Sixth Circuit in *Jasany v. United States Postal Service*, 755 F.2d 1244 (6th Cir.1985), held that even if the plaintiff, who had crossed eyes, had established that he was a qualified handicapped individual, he would not have been entitled to relief under the Rehabilitation Act because the reassignment he sought was barred by the seniority provisions of the USPS's collective bargaining agreement. "An employer cannot be required to accommodate a handicapped employee by restructuring a job in a manner which would usurp the legitimate rights of other employees in a collective bargaining agreement." 755 F.2d at 1251–52. *See also Daubert v. United States Postal Service*, 733 F.2d 1367 (10th Cir. 1984) (USPS gave legitimate business reason for discharging employee with back problems in that either reducing her duties or reassigning her to another position would have been foreclosed by the seniority terms of the collective bargaining agreement); *Carty v. Carlin*, 623 F.Supp. 1181 (D.Md.1985) (employer not required under Rehabilitation Act to reassign a qualified handicapped individual to another position as reasonable accommodation because to do so would eliminate competition and might violate other employees' rights secured by a collective bargaining agreement); *Bey v. Bolger*, 540 F.Supp. 910 (E.D.Pa.1982)

(qualified handicapped individual not entitled to light duty status because such an accommodation would be barred by the seniority provisions of a collective bargaining agreement and would have unduly burdened the USPS).

The Eleventh Circuit has similarly denied relief under the Rehabilitation Act to a disabled retired Air Force colonel suing the Secretary of the Army and district engineer of the Army Corps of Engineers for denying him a position with the Park Service. *Treadwell v. Alexander*, 707 F.2d 473 (11th Cir.1983). The court found that in order to hire and accommodate the plaintiff other park employees would have had to perform many of his duties which would have imposed an "undue hardship" upon the defendants. The court refused to allow such an infringement on other employees' rights, even in absence of a collective bargaining agreement.

The weight of authority is clearly that the rights afforded by the Rehabilitation Act cannot prevail over rights created by a bona fide seniority system. Mr. Hurst does not dispute the fact that (1) he is covered by a collective bargaining agreement between the USPS and his local union; (2) he was not eligible under the agreement for the position he bid for and was denied in the Rural Carrier Craft; (3) he is not eligible under the agreement for assignment to fully motorized routes;[2] (4) he was eligible under the agreement to file a request for light duty, which he failed to do; and (5) he was eligible under the agreement to file for other positions for which he qualified, such as a single motorized route at a lower pay level, which he failed to do. Thus, even if Mr. Hurst could establish a prima facie case by proving he is a qualified handicapped individual, he could not recover under the Rehabilitation Act because the accommodation he seeks would violate the seniority rights of the collective bargaining agreement entered into by the union to which he voluntarily belongs.

### III. SUMMARY

The defendants' motion for summary judgment is hereby GRANTED.

---

**2.** As an alternative to five fully motorized routes, Mr. Hurst states that he would be satisfied with a return to the "informal reasonable accommodation" (*i.e.* delivering parcels, special delivery, etc.) he received in 1981–82. The agreement is clear, however, that although the post office may grant temporary light duty status to an employee experiencing illness or injury, an employee must go through the proper application and bidding procedure for an assignment to permanent light duty status. Mr. Hurst elected not to do this.