**Cheryl MACKIE**

v.

**Marvin T. RUNYON, Postmaster General, United States Postal Service.**

No. 91–0414–CIV–ORL–18.

United States District Court, M.D. Florida, Orlando Division.

Oct. 16, 1992.

Barry Apfelbaum, Orlando, Fla., for plaintiff.

Ralph Hopkins, U.S. Atty., Orlando, Fla., for defendant.

## ORDER

G. KENDALL SHARP, District Judge.

In her complaint, plaintiff alleges that defendant[1] violated section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, because defendant refused to provide reasonable accommodation for plaintiff's mental illness. Defendant filed a motion to dismiss or, alternatively, for summary judgment. In a previous order, the court notified the parties that because defendant presents matters outside the pleadings, the court will treat defendant's motion as a motion for summary judgment. *See* Fed. R.Civ.P. 12(b). Plaintiff responded in opposition to defendant's motion by submitting her affidavit and portions of her deposition. Based on a review of the case file and the relevant law, the court finds that plaintiff fails to state a claim on which relief can be granted because she fails to establish that her mental illness is a handicap or that she is an otherwise qualified handicapped individual, as required by the Rehabilitation Act.

## I. Facts

In September 1988, defendant hired plaintiff as a temporary employee. (Doc. 9, Ex. A.) In December 1988, defendant converted plaintiff's employment status to a career appointment as an automated letter sorting machine (LSM) operator with a part-time flexible status. (Doc. 9, Ex. B.) Defendant's Director of Human Resources for the Orlando, Florida Management Sectional Center describes the LSM process as a highly specialized function that operators use to sort mail with an automated keyboard rather than by hand. The Director further states that defendant is increasing its use of LSM operators while phasing out manual distribution clerks. (Doc. 11, R. Phillips Aff. ¶ 4.) As a part-time flexible

employee, plaintiff had no set schedule and no bidding rights for other positions. Yet, plaintiff could have become a regular employee based on a seniority system and openings in regular positions. *Id.* at ¶ 5.

In March 1989, defendant assigned plaintiff to work a night shift as an LSM operator. In May 1989, plaintiff was hospitalized because she suffered from a manic depressive, bi-polar disorder (bi-polar disorder). Before defendant hired her, plaintiff had been hospitalized eight times as a result of her bi-polar disorder and took Lithium to mitigate the effects of her medical condition. (Doc. 9, Attach. 4, C. Mackie Dep. at 17.) In May 1989, plaintiff's doctors advised her that a disruptive sleeping schedule hinders the stabilizing efforts of her medication, and thus, she should request day shifts. From May 1989 through May 1990, plaintiff actively sought a transfer to a day position but defendant refused to transfer her. (Doc. 1, Compl.; Doc. 3, Answer.) During that period, plaintiff's disorder remained in remission and she received excellent performance evaluations.

In May 1990, plaintiff began to suffer from the adverse effects of her bi-polar disorder and was hospitalized for ten days. When she returned to work in June, she informed defendant that her irregular living schedule caused her to suffer the adverse effects of her disorder. (Doc. 9, Ex. K.) Plaintiff submitted medical reports to support her grounds for a reassignment to a day shift. (Doc. 15, C. Mackie Aff. & Exs. B, C, D.) Pursuant to the terms of a collective bargaining agreement that covered plaintiff's employment with defendant, defendant transferred plaintiff to a day position for a thirty-day period. When the thirty days expired, defendant found that plaintiff was not entitled to a permanent transfer under the collective bargaining agreement because she had not been employed by defendant for five years or more and she did not suffer from a job-

---

1. Although plaintiff originally served Anthony M. Frank in his official capacity as Postmaster General, during the pendency of this action, Marvin T. Runyon was appointed Postmaster General. Accordingly, Marvin T. Runyon is substituted for Anthony M. Frank as defendant. Fed.R.Civ.P. 25(d).

related illness. (Doc. 9, Ex. G.) Defendant's medical examiner found that plaintiff's medical reports failed to provide sufficient evidence that she could only perform daytime work. (Doc. 15, Exs. E, F.) Accordingly, defendant denied plaintiff's request to transfer to the position of a daytime manual distribution clerk or carrier. Plaintiff did not return to work.

Because plaintiff failed to return to work, in August 1990, defendant fired plaintiff for absenteeism. (Doc. 9, Ex. M.) Pursuant to the collective bargaining agreement, plaintiff appealed her dismissal through a contractual grievance-arbitration procedure. An arbitrator, based on his findings at an arbitration hearing, overruled defendant's medical examiner's finding that plaintiff could work a night shift without endangering her mental health. The arbitrator concluded, however, that plaintiff was permanently unable to perform the duties of her position as a night shift LSM operator, and thus, defendant could fire her pursuant to the collective bargaining agreement. Furthermore, the collective bargaining agreement did not require defendant to transfer plaintiff to a daytime position or to assign plaintiff to permanent light duty. The arbitrator also noted that although plaintiff's low-seniority, part-time flexible status prevented her from bidding for a vacant position, defendant had other options to accommodate plaintiff without violating the terms of the collective bargaining agreement. Based on his findings and conclusions, the arbitrator denied plaintiff's grievance claim. (Doc. 9, Ex. N.)

## II. Legal Discussion

### A. *Summary Judgment Standards*

Summary judgment is appropriate only in circumstances where "the evidence is such that a reasonable jury could [not] return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *accord Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The moving party bears the burden of proving that no genuine issue of material fact exists. *Cel-*

*otex,* 477 U.S. at 323, 106 S.Ct. at 2553. In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513; *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The moving party may rely solely on the pleadings to satisfy this burden. *Celotex,* 477 U.S. at 323–24, 106 S.Ct. at 2553; Fed. R.Civ.P. 56(c).

The non-moving party who bears the burden of proof on the issue at trial must go beyond the pleadings and submit affidavits, depositions, answers to interrogatories, or admissions on file that designate "specific facts showing that there is a genuine issue for trial." *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 56(e)). Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552.

### B. *Section 504 of the Rehabilitation Act*

Section 504 prohibits handicap discrimination by defendant against an otherwise qualified handicapped individual. 29 U.S.C. § 794(a). To fall within the Rehabilitation Act's definition of a handicapped individual, plaintiff must show that her mental illness substantially limits one or more of her major life activities. *See id.* (adopting the definition of handicapped individual in 29 U.S.C. § 706(8)). In her complaint, plaintiff alleges that the erratic behavior that her mental illness causes substantially impairs her normal life functions. Yet, plaintiff also claims that medication stabilizes her condition and that she can work a daytime shift without adverse effects from her mental illness. Furthermore, plaintiff submits no evidence that her mental illness affected her past work history or that defendant perceived her mental illness to be a handicap. Therefore,

the court finds that plaintiff's bi-polar disorder does not constitute a handicap within the purview of the Rehabilitation Act. *See Forrisi v. Bowen*, 794 F.2d 931, 933–35 (4th Cir.1986) (defining handicap as an impairment that constitutes a significant barrier to employment and recognizing that an employer does not necessarily regard an employee as handicapped simply by finding that the employee is incapable of satisfying the singular demands of a particular job); *Jasany v. United States Postal Serv.*, 755 F.2d 1244, 1248–50 (6th Cir.1985) (finding that an impairment that interferes with an individual's ability to do a particular job, but does not significantly decrease that individual's ability to obtain satisfactory employment otherwise, is not substantially limiting within the meaning of the Rehabilitation Act).

Even if plaintiff's mental illness constitutes a handicap, she must also show that she is an otherwise qualified handicapped individual to receive protection under the Rehabilitation Act. 29 U.S.C. § 794(a). An otherwise qualified person is a person who, with or without reasonable accommodation, can perform the essential functions of the position in question without endangering the health and safety of the individual or others. 29 C.F.R. § 1613.702(f) (1991).

 In its motion for summary judgment, defendant first contends that plaintiff is not an otherwise qualified handicapped individual because she cannot perform the essential functions of her position. To support its claim, defendant relies on undisputed evidence that LSM clerks primarily work night shifts and that part-time flexible employees have no set schedule. Therefore, because plaintiff's mental illness prevents her from working at night, she cannot perform the essential functions of the position for which she was hired. *See Jasany*, 755 F.2d at 1250–51 (holding that an employer is not required to eliminate essential functions of an LSM clerk even though the job includes a broad range of duties and finding that scheduling flexibility is an essential function of a part-time flexible employee); *Daubert v. United States Postal Serv.*, 733 F.2d 1367, 1371

(10th Cir.1984) (citing *Southeastern Community College v. Davis*, 442 U.S. 397, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979), as authority that otherwise qualified persons include persons who can meet the requirement of their position in spite of, not except for, the limitations imposed by their handicap); *Treadwell v. Alexander*, 707 F.2d 473, 477 (11th Cir.1983) (limiting relief under the Rehabilitation Act to plaintiffs who could perform the essentials of the job if afforded reasonable accommodation); *Alderson v. Postmaster Gen. of United States*, 598 F.Supp. 49, 54 (W.D.Okla.1984).

 Defendant also argues that summary judgment is warranted because it could not reasonably accommodate plaintiff's mental illness. Although plaintiff requested day shifts as a manual clerk or a carrier, the Rehabilitation Act does not require defendant to reassign plaintiff to another position to accommodate her mental illness. *See Wimbley v. Bolger*, 642 F.Supp. 481, 486 (W.D.Tenn.1986) (noting that a federal agency is not obligated to transfer a handicapped employee from the job for which he is employed to some other position to accommodate his handicap), *aff'd mem.*, 831 F.2d 298 (6th Cir.1987); *Carty v. Carlin*, 623 F.Supp. 1181, 1188–89 (D.Md.1985) (finding that the phrase "position in question" in 29 C.F.R. § 1613.702(f) refers to a plaintiff's present position and that 29 C.F.R. § 1613.704(b) requires only reasonable workplace modifications to allow the plaintiff to stay in the plaintiff's present position); *Alderson*, 598 F.Supp. at 55. Furthermore, under the collective bargaining agreement, plaintiff lacked seniority for her requested reassignments and plaintiff was not entitled to permanent light duty. The court also notes that plaintiff submits no evidence that she was qualified for the reassignments that she requested. Because plaintiff's rights under the Rehabilitation Act do not prevail over other employees' rights under the collective bargaining agreement, plaintiff's requested reassignments do not qualify as reasonable accommodations. *See Jasany*, 755 F.2d at 1251–52 (stating that a court cannot require an employer to accommodate a handicapped employee by restructuring a job in a manner that would usurp the legitimate

rights of other employees in a collective bargaining agreement); *Hurst v. United States Postal Serv.*, 653 F.Supp. 259, 263 (N.D.Ga.1986); *Carty,* 623 F.Supp. at 1189; *accord Daubert,* 733 F.2d at 1370 (holding that an employer may rely on a collective bargaining agreement as legitimate grounds for discharging a handicapped employee). Accordingly, the court finds that defendant satisfies its burden of showing that it could not reasonably accommodate plaintiff's mental illness.

Because defendant meets its burden of proof, the burden shifts to plaintiff to suggest other accommodations. *See Treadwell,* 707 F.2d at 478. Although plaintiff refers to the arbitrator's statement in her grievance proceedings that defendant had other options to accommodate plaintiff, plaintiff suggests no means of accommodation other than a reassignment to a day position or permanent light duty. Accordingly, the court finds that plaintiff fails to submit sufficient evidence to cause a jury to return a verdict in her favor.

### III. Conclusion

The court finds that the undisputed facts, as well as the reasonable inferences drawn from the facts, do not establish a genuine issue of material fact that would justify bringing this lawsuit to trial. Plaintiff fails to show that her bi-polar disorder constitutes a handicap within the purview of the Rehabilitation Act. Furthermore, defendant has shown, as a matter of law, that plaintiff could not perform the essential functions of her job and that defendant could not reasonably accommodate plaintiff's mental illness. Therefore, the court GRANTS summary judgment in favor of defendant. (Doc. 9) Because defendant is entitled to summary judgment based on its defense that plaintiff fails to state a claim on which relief can be granted, the court need not consider defendant's defenses based on plaintiff's falsification of her medical condition and plaintiff's failure to exhaust her administrative remedies.

It is SO ORDERED.