David L. MARSCHAND,
Plaintiff–Appellant,

v.

NORFOLK AND WESTERN RAILWAY
COMPANY, Defendant–Appellee.

No. 95–2445.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 4, 1995.

Decided April 16, 1996.

John C. Theisen, Thomas N. O'Malley (argued), Gallucci, Hopkins & Theisen, Fort Wayne, IN, for plaintiff–appellant.

John C. Duffey (argued), Russell H. Hart, Geoffrey L. Blazi, Stuart & Branigin, Lafayette, IN, for defendant–appellee.

Before BAUER, DIANE P. WOOD and EVANS, Circuit Judges.

BAUER, Circuit Judge.

David Marschand sued Norfolk and Western Railway Company ("Norfolk") under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* ("FELA"), for negligent infliction of emotional distress. Marschand asserted that various negligent acts by Norfolk resulted in a grade crossing accident in which the train Marschand engineered struck a pickup truck, killing all three passengers in the truck. Marschand claimed that he suffered emotional distress because of Norfolk's negligence. After a four day bench trial, the district court entered judgment in favor of Norfolk. We affirm.

## BACKGROUND

On May 12, 1991, Marschand was the engineer on a Norfolk train that struck a pickup truck at a grade crossing. Marschand did not see the collision between the locomotive engine and the truck. However, he testified at trial that when he realized the collision was imminent, he instinctively slid back into the engineer's chair to brace himself. Marschand also testified that he heard the collision and that he "could feel it through the floorboards of the train." A brakeman riding in the locomotive cab testified that he felt only a small bump at the time of the collision. Marschand learned after the acci-

dent that all three passengers in the pickup truck had died.

On the first anniversary of the accident, Marschand had flashbacks of the accident while at work. He began to cry uncontrollably. Shortly thereafter, Marschand met with a psychologist, who diagnosed Marschand as suffering from post traumatic stress disorder ("PTSD").

In May 1993, Marschand filed this negligent infliction of emotional distress claim against Norfolk pursuant to FELA, 45 U.S.C. § 51 *et seq.* On June 24, 1994, the Supreme Court decided the case of *Consolidated Rail Corp. v. Gottshall*, — U.S. —, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994). In *Gottshall*, the Court addressed whether, and to what extent, negligent infliction of emotional distress claims are cognizable under FELA. The Court concluded that a railroad has a duty under FELA to avoid subjecting its workers to negligently inflicted emotional distress. The Court then examined three common law tests (the zone of danger test, the physical impact test, and the relative bystander test) for determining whether emotional injuries should be compensable, and held that the zone of danger test best reconciled FELA's broad remedial goals with its "central focus on physical perils," as well as the need to avoid countless trivial, possibly fraudulent suits and potentially "unlimited and unpredictable liability." *Id.* at — —, 114 S.Ct. at 2410–11. The Court noted that "the zone of danger test limits recovery for emotional injury to those plaintiffs who sustain a physical impact as a result of a defendant's negligent conduct, or who are placed in immediate risk of physical harm by that conduct." *Id.* at —, 114 S.Ct. at 2406. In the course of its opinion, the Court stated

that "[u]nder this test, a worker within the zone of danger of physical impact will be able to recover for emotional injury caused by *fear of physical injury to himself,* whereas the worker outside the zone will not." *Id.* at — – —, 114 S.Ct. at 2410–11 (emphasis added).[1] Subsequently, in his pretrial and posttrial briefs, as well as at trial, Marschand focused on his "fear for his own safety" in the moments before the accident as the cause of his emotional distress.

After a four day bench trial, the district court concluded that Marschand "was never in any true danger of physical impact or injury because at all times he rode safely in the locomotive cab," that Marschand never feared for his own safety, and that Marschand's emotional distress was not caused by fear for his own safety. The court therefore found that Marschand had not satisfied the zone of danger test, and entered judgment in favor of Norfolk.

## ANALYSIS

■ Marschand argues on appeal that *he* (as opposed to the *train*) sustained an impact during the collision sufficient to trigger a right to recover for negligent infliction of emotional distress under *Gottshall.* We need not decide this "impact" issue because Marschand failed to raise it in the trial court. *See Gingiss International, Inc. v. Bormet,* 58 F.3d 328, 333 (7th Cir.1995). Instead, Marschand consistently argued that he could recover for his emotional distress because he reasonably feared for his own safety at the time of the accident, and because his fear proximately caused his emotional distress. When Marschand did mention "impact," it was in the context of asserting that he had

1. As the Third Circuit pointed out in *Bloom v. Consolidated Rail Corp.*, 41 F.3d 911, 914–15 (3rd Cir.1994), *Gottshall* did not make clear whether, in order to recover for emotional injuries under FELA where the plaintiff has not sustained a physical impact, the plaintiff must be placed in immediate risk of physical *harm* or whether the plaintiff must be imminently threatened with physical *impact.* For example, in *Gottshall* the Court noted that the zone of danger test "limits recovery for emotional injury to those plaintiffs who sustain a physical impact as a result of a defendant's negligent conduct, or who are placed in *immediate risk of physical harm* by

that conduct." — U.S. at —, 114 S.Ct. at 2406 (emphasis added). However, the Court later explained that "[r]ailroad employees thus will be able to recover for injuries—physical and emotional—caused by the negligent conduct of their employers that *threatens them imminently with physical impact.*" *Id.* at —, 114 S.Ct. at 2411 (emphasis added). The Court also stated that an employer should not be able "to escape liability for emotional injury caused by the *apprehension of physical impact* simply because of the fortuity that the impact did not occur." *Id.* (emphasis added). We need not resolve these inconsistencies for purposes of this opinion.

been *threatened imminently* with physical impact, which is a far cry from the argument he makes now that he *sustained* a physical impact in the collision. In fact, Marschand discussed the threat of imminent physical impact only to support his claim that he feared for his own safety at the time of the accident. The district court rejected Marschand's claims, finding that he had not been threatened with imminent physical impact, nor had he feared for his own safety. Marschand does not challenge that determination. Instead, he now attempts to satisfy the zone of danger test by arguing that he sustained an impact in the accident.

Fatal to Marschand's attempt to raise the "impact" issue on appeal is the district court's pretrial order formulated after a pretrial conference at which Marschand's counsel appeared, and signed by the court only after counsel had reasonable opportunity to make corrections or additions to the order. That order provided that the issues to be tried included:

> 3. Whether Marschand was threatened imminently with physical harm during the May 12, 1991 crossing accident.
>
> 4. Whether Marschand feared for his own safety during the May 12, 1991 crossing accident.
>
> 5. Whether any of Marschand's alleged emotional distress was proximately caused by his alleged fear for his own safety during the May 12, 1991 crossing accident.
>
> 6. Whether Marschand ever suffered from PTSD.
>
> 7. If Marschand does suffer from PTSD, whether or not the May 12, 1991 crossing accident was the cause of Marschand's PTSD.

2. We also note that in his trial brief, Marschand asserted that the issues for trial included:
> 3. Whether Marschand was in the zone of danger of physical impact at the time of the accident—that is, whether Marschand was threatened imminently with physical impact during the May 12, 1991 crossing accident.
> 4. Whether Marschand feared for his own safety during the May 12, 1991 accident.
>
> . . . . .
>
> 6. Whether the PTSD suffered by Marschand is caused by the negligent conduct of Norfolk

The section of the order detailing "Plaintiff's Contentions" did not state that Marschand sustained an impact in the accident, but emphasized instead that "the accident was caused by the negligence of the defendant and that throughout the course of the accident the plaintiff had a fear for his own safety." Nowhere in the order is there any indication that Marschand would argue that he had sustained an impact in the accident.

■ Pretrial conferences and orders play a vital role in limiting the issues for trial. *Gorlikowski v. Tolbert,* 52 F.3d 1439, 1443 (7th Cir.1995). *See* Fed.R.Civ.P. 16(e) (The pretrial order entered after the conference "shall control the subsequent course of the action unless modified by subsequent order.") "Because the parties rely on the [pretrial] conference to inform them precisely what is in controversy, the [pretrial] order is treated as superseding the pleadings and establishes the issues to be considered at trial." *Erff v. MarkHon Industries, Inc.,* 781 F.2d 613, 617 (7th Cir.1986). Hence, the factfinder need not consider any claim or theory not raised in the pretrial order. *Gorlikowski,* 52 F.3d at 1444. Marschand's failure to apprise the district court of the "impact" issue at the pretrial conference and to ensure that the pretrial order included that issue, despite reasonable opportunity to correct the order before the district court signed it, precludes him from raising it on appeal. *See Erff,* 781 F.2d at 618–19.[2]

It is clear from the record that Marschand based his case on the threat of physical impact and fear for his own safety, and thus it is not surprising that the district court focused on these issues in entering judgment for Norfolk. Marschand presented to the district court one theory, and now attempts to advance a second theory of recovery.

that threatened Marschand imminently with physical impact.

In his posttrial brief, Marschand again focused upon his fear during the accident, stating "[i]n summary, Marschand unquestionably has Post Traumatic Stress Disorder. This PTSD is causally linked to his fear during the May 12, 1991 collision."

This he cannot do. *See Washington v. Electrical Joint Apprenticeship & Training Comm. of Northern Indiana,* 845 F.2d 710, 714 (7th Cir.), *cert. denied,* 488 U.S. 944, 109 S.Ct. 371, 102 L.Ed.2d 360 (1988).

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.