113 F.3d 1241
 10 NDLR P 63
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert HOFFMAN, Plaintiff-Appellant,
v.
CITY OF INGLEWOOD; Oliver M. Thompson, Paul Eckles, Robert
Wilson, Defendants-Appellees.
 No. 96-55508.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1997.
Decided May 16, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-95-08552-R; Manuel L. Real, District Judge, Presiding.
 C.D.Cal.
 REVERSED.
 Before: MAGILL,* RYMER, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Hoffman appeals the dismissal with prejudice of his claim under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq., that he was terminated because of his disability of post-traumatic stress syndrome. We have jurisdiction, 28 U.S.C. § 1291, and reverse because it cannot be said as a matter of law on these pleadings that PTSS is not a disability.
 
 
 3
 Hoffman's complaint is barebones and arguably was vulnerable to dismissal with leave to amend. But that's not what happened. Instead, Inglewood moved to dismiss the complaint under Rule 12(b)(6) on the ground that PTSS is not a disability. Hoffman's opposition included declarations, which the district court did not consider. It granted the motion to dismiss without reasons, and without leave.
 
 
 4
 However, we are aware of no authority that holds that, as a matter of law, post-traumatic stress syndrome can never be a disability under the ADA. Instead, as the regulations provide, "the determination of whether an individual has a disability is not necessarily based on the name or diagnosis of the impairment the person has, but rather on the effect of that impairment on the life of the individual...."; "the determination of whether an individual is substantially limited in a major life activity must be made on a case by case basis...." 8 C.F.R. § 1630 App. (interpreting § 1630.2(j)).
 
 
 5
 Inglewood relies on several cases typified by Sanders v. Arneson Products, Inc., 91 F.3d 1351 (9th Cir.1996), cert. denied, 117 S.Ct. 1247 (1997), but the facts in each indicated enough about the nature and duration of the alleged disability to permit the court to determine that the disorder was not a disability.[1] Here, there is no basis in the complaint to know anything about the severity, duration or impact of PTSS in Hoffman's case. Accordingly, it was improper to dismiss his complaint without leave to amend.
 
 
 6
 REVERSED AND REMANDED.
 
 
 
 *
 Honorable Frank J. Magill, Senior Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 See also McDonald v. Commonwealth of Pennsylvania Dep't of Pub. Welfare, 62 F.3d 92 (3d Cir.1995) (complaint showed that the plaintiff was unable to work only for a period of two months as a result of surgery); Muller v. Automobile Club of S. California, 897 F.Supp. 1289, 1297 (S.D.Cal.1995) (summary judgment proper because employee failed to show she had a qualifying disability under the ADA, as evidence showed that her PTSS prevented her only from returning to work at her employer, but not that she couldn't perform similar work for other employers); Marschand v. Norfolk & Western Ry. Co., 876 F.Supp. 1528, 1540 (N.D.Ind.1995) (summary judgment proper because evidence did not show that plaintiff's PTSS was a significant barrier to employment), aff'd, 81 F.3d 714 (7th Cir.1996); Mackie v. Runyon, 804 F.Supp. 1508, 1511 (M.D.Fla.1992) (employee's bi-polar disorder was not a disability within the meaning of the ADA where evidence showed that medication stabilized the plaintiff's condition and that she could work daytime shifts without adverse effects, and where the employee submitted no evidence that her mental illness affected her past work history or that defendants perceived her mental illness to be a handicap)